IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MELISSA ARMSTRONG, ROLAND NADEAU, KARYN RAY, LINDA GORDAN, ERIK HEINRICH, SANDRA GREEN, and RUTH BOGUE, individually and on behalf of other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>KIMBERLY-CLARK CORPORATION,<br><br>Defendant. | Civil Action No. 3:20-CV-3150-M<br>LEAD CASE<br><br>(Consolidated With Civil Action No. 3:21-CV-01484-M) |

## JOINT REPORT OF THE PARTIES' SCHEDULING CONFERENCE

Plaintiffs and Defendant Kimberly-Clark Corporation ("Kimberly-Clark") respectfully submit this Joint Report of the Parties' Scheduling Conference in compliance with this Court's local rules, its Order Requiring Scheduling Conference and Report for Contents of Scheduling Order (Doc. 17), dated December 16, 2020, and its Order (Doc. 47), dated January 31, 2022. The parties conferred on all requested issues during a Zoom conference conducted on March 25, 2022, and report the following:

1. **A brief statement of the claims and defenses:**

This is a class action lawsuit arising from the recall of Kimberly-Clark's Cottonelle flushable wipes after Kimberly-Clark discovered that some of the wipes were contaminated with a bacteria called *Pluralibacter gergoviae*. Plaintiffs, individually and on behalf of all others similarly situated, allege the wipes were unsuitable for their intended use, and seek refunds for U.S. and Canadian consumers who purchased the contaminated wipes.

The Consolidated Complaint, to be filed on March 28, 2022, asserts causes of action for breach of implied warranty of merchantability; breach of express warranty; strict products liability; negligence; fraud by silence or omission; negligent misrepresentation; unjust enrichment; and violations of state consumer protection statutes. Plaintiffs seek to recover all costs and damages associated with purchasing the recalled products, as well injunctive and other available relief.

Kimberly-Clark's anticipated defenses include that the facts Plaintiffs allege are insufficient to support the stated causes of action, that not all wipes contained *Pluralibacter gergoviae* so a class cannot be certified and Plaintiffs cannot prove causation, that Plaintiffs' alleged physical and economic injuries were not caused by the use of the Wipes (even assuming that the Wipes contained *Pluralibacter gergoviae*), and that Kimberly-Clark has already refunded allegedly injured class members through its voluntary recall program.

2. **A proposed time limit to file motions for leave to join other parties:**

   *See* joint proposed scheduled below.

3. **A proposed time limit to amend the pleadings:**

   *See* joint proposed scheduled below.

4. **Proposed time limits to file various types of motions, including dispositive motions:**

   *See* joint proposed scheduled below.

5. **A proposed time limit for initial designation of experts:**

   *See* joint proposed scheduled below.

6. **A proposed time limit for responsive designation of experts:**

   *See* joint proposed scheduled below.

7. **A proposed time limit for objections to experts (*i.e.* Daubert and similar motions):**

   *See* joint proposed scheduled below.

8. **A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues:**

   *See* joint proposed scheduled below.

The parties do not propose engaging in phased discovery, but agree to prioritize discovery related to class certification.

The parties will depose the other's class certification experts prior to their opposition/reply deadlines to Plaintiff's anticipated motion for class certification, and have structured the below joint proposed schedule to accommodate this.

The parties anticipate discovery will be needed regarding the cause, response, and scope of the contamination and recall, as well as third party discovery relating to retail sales data and class member information. Discovery will also be needed as to Plaintiffs' alleged injuries, causation, and treatment.

9. **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed:**

   None.

10. **Proposed means for disclosure or discovery of electronically stored information ("ESI") and a statement of any disputes regarding the disclosure or discovery of ESI:**

    The parties will work cooperatively to submit a stipulated ESI protocol.

11. **Any proposals regarding the handling and protection of privileged or trial-preparation material that should be reflected in a court order:**

    None.

12. **A proposed trial date, estimated number of days required for trial and whether jury has been demanded:**

    *See* joint proposed scheduled below. Depending on the Court's ruling on class certification, the parties may seek to modify the proposed trial date.

    The parties estimate approximately ten to fourteen days will be required for trial.

    The parties demand a jury trial.

13. **A proposed date for further settlement negotiations:**

    The parties participated in a mediation before the Hon. Deborah Hankinson on December 7, 2021. Settlement negotiations between the parties are currently ongoing with the assistance of the mediator.

14. **Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made:**

    The parties have no objections to Rule 26(a)(1).

15. **Whether the parties will consent to trial (jury or non-jury) before U.S. Magistrate Judge Rebecca Rutherford:**

    The parties do not unanimously consent to trial before U.S. Magistrate Judge Rebecca Rutherford.

16. **Whether the parties are considering mediation or arbitration to resolve this litigation and a statement of when it would be most effective (e.g., before discovery, after limited discovery, after motions are filed, etc.), and, if mediation is proposed, the name of any mediator the parties jointly recommend to mediate the case:**

*See* response to number 13.

**17. Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial:**

None.

**18. Whether a conference with the Court is desired:**

The parties do not believe a conference with the Court is needed at this time, but are available if it would be beneficial to the Court to discuss any of the issues addressed herein.

**19. Any other matters relevant to the status and disposition of this case, including any other Orders that should be entered by the Court under R. 16(b) and (c) and 26(c)**

On March 25, 2022, Plaintiffs issued subpoenas to 35 third-party retailers that sold Kimberly-Clark products subject to recall. The parties anticipate that the Court may need to preside over any disputes relating to third-party discovery.

**20. Status report on settlement negotiations:**

The parties are actively engaged in ongoing settlement negotiations and will apprise the Court of any significant settlement developments.

**Joint Proposed Schedule**

| Case Event | Proposed Date |
| --- | --- |
| Plaintiff Deadline to File Consolidated Complaint* | Tuesday, March 29, 2022 |
| Kimberly-Clark Deadline to File Responsive Pleading to Amended Complaint* | Thursday, April 28, 2022 |
| Deadline to Serve Initial Disclosures | May 16, 2022 |
| Plaintiff Deadline to File Opposition to KC Responsive Pleading* | Monday, May 30, 2022 |
| Kimberly-Clark Deadline to File Reply Brief* | Monday, June 13, 2022 |
| Deadline to Add Parties w/out Leave | July 15, 2022 |
| Deadline to Amend Pleadings w/out Leave | July 15, 2022 |
| Plfs' Deadline to File Motion for Class Cert. | November 4, 2022 |
| Plfs' Deadline to Designate Class Cert. Experts | November 4, 2022 |
| Def's Deadline to Depose Plfs' Class Cert Experts | January 9, 2023 |

| | |
|---|---|
| Def's Opposition to Class Cert. | January 13, 2023 |
| Def's Deadline to Designate Class Cert. Experts | January 13, 2023 |
| Plfs' Deadline to Depose Def's Class Cert Experts | February 17, 2023 |
| Plfs' Deadline to File a Reply in Support of Class Cert. | March 3, 2023 |
| Plfs' Deadline to Designate All Other (i.e., Non-Class Cert) Expert | May 19, 2023 |
| Def's Deadline to Designate All Other (i.e., Non-Class Cert) Expert | June 23, 2023 |
| Close of Fact Discovery | August 25, 2023 |
| Close of Expert Discovery | October 27, 2023 |
| Deadline to File Daubert Motions | December 1, 2023 |
| Deadline to File Dispositive Motions | December 1, 2023 |
| Trial (est. 10-14 days) | April 1, 2024 |

*Existing deadline pursuant to the Court's January 31, 2022 Order (Doc. 47)

Dated: March 29, 2022        Respectfully submitted,

/s/ Joshua L. Hedrick
**HEDRICK KRING BAILEY PLLC**
Joshua L. Hedrick
Mark A. Fritsche

**STUEVE SIEGEL HANSON LLP**
Patrick J. Stueve
J. Austin Moore
Abby McClellan
Crystal Cook Leftridge
Jordan A. Kane

**LEWIS JOHS AVALLONE AVILES, LLP**
James F. Murphy
Jordan S. Palatiello

**REESE LLP**
Michael R. Reese

*Attorneys for Plaintiffs and the Proposed Classes*

*/s/ Heather L. Richardson*
**GIBSON, DUNN & CRUTCHER LLP**
Veronica S. Lewis
Timothy W. Loose
Heather L. Richardson
Andrew LeGrand

*Attorneys for Defendant Kimberly-Clark Corp.*
