IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| MELISSA ARMSTRONG, ROLAND NADEAU, KARYN RAY, LINDA GORDAN, ERIK HEINRICH, SANDRA GREEN, RUTH BOGUE, ANN RADER, KAREN ZAMBELLI, BARBARA RAUCH, MARK LEVIT, COURTNEY CONLEY, JANNET RAY, TRACEY ALEXANDER, ADRIAN LEWIS, MITCHELL CRAVEN, DANIEL KAPLAN, STEPHEN SIMPSON, ROSETTA TURNER, DONNA STYX, JAMIE CHIPMAN, and DAWN ROTHFELD, individually and on behalf of other similarly situated persons,<br><br>        Plaintiffs,<br><br>  v.<br><br>KIMBERLY-CLARK CORPORATION,<br><br>        Defendant. | CIVIL ACTION NO. 3:20-3150-M (CONSOLIDATED WITH CIVIL ACTION NO. 3:21-CV-01484-M)<br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANT KIMBERLY-CLARK'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT PURSUANT TO FED. R. CIV. P. 9(B)(1), 12(B)(1) AND FED. R. CIV. P. 12(B)(6)**

**TABLE OF CONTENTS**

Page

I.      INTRODUCTION ...................................................................................... 1

II.     ARGUMENT .............................................................................................. 2

        A.      The Fifth Circuit Has Rejected Plaintiffs' Theory Of "Harm." ............................ 2

        B.      Plaintiffs Have Failed to State A Common-Law Claim Upon Which Relief
                Can Be Granted. ........................................................................................... 5

                1.  Plaintiffs' Fraudulent Omission Claims Fail As a Matter of Law. ................. 5

                2.  Plaintiffs Fail to Adequately Plead Negligent Misrepresentation. .................. 7

                3.  Plaintiffs' Negligence and Strict Liability Claims Are Barred. ...................... 8

                4.  Plaintiffs' Express and Implied Warranty Claims Fail As a Matter of
                    Law. ................................................................................................... 9

        C.      Plaintiffs Fail to State a Claim for Relief Under State Consumer-
                Protection Statutes. ...................................................................................... 12

        II. CONCLUSION ...................................................................................... 15

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Air Bags Prods. Liab. Litig.*,
7. F. Supp. 2d 792 (E.D. La. 1998) ................................................................9

*Am. Realty Trust, Inc. v. Travelers Cas. and Sur. Co. of Am.*,
362 F. Supp. 2d 744 (N.D. Tex. 2005) ...........................................................7

*Amburgey v. CaremarkPCS Health, L.L.C.*,
2017 WL 7806634 (C.D. Cal. Sept. 21, 2017) .............................................12

*Baird v. Samsung Elecs. Am., Inc.*,
522 F. Supp. 3d 679 (N.D. Cal. 2021) ...........................................................7

*Barcenas v. Fed. Home Loan Mortg. Corp.*,
2013 WL 286250 (S.D. Tex. Jan. 24, 2013) ...................................................8

*Birdsong v. Apple, Inc.*,
590 F.3d 955 (9th Cir. 2009) ........................................................................12

*Briehl v. Gen. Motors Corp.*,
172 F.3d 623 (8th Cir. 1999) ..........................................................................6

*Click v. Gen. Motors LLC*,
2020 WL 3118577 (S.D. Tex. Mar. 27, 2020) ...............................................6

*Coffelt v. Kroger Co.*,
2017 WL 10543343 (C.D. Cal. Jan. 27, 2017) ...............................................9

*Coghlan v. Aquasport Marine Corp.*,
73 F. Supp. 2d 769 (S.D. Tex. 1999) ..............................................................9

*Cole v. Gen. Motors Corp.*,
484 F.3d 717 (5th Cir. 2007) ..........................................................................4

*Dakota Style Foods, Inc. v. SunOpta Grains and Foods, Inc.*,
329 F. Supp. 3d 794 (D.S.D. 2018) ................................................................9

*Dragoslavic v. Ace Hardware Corp.*,
274 F. Supp. 3d 578 (E.D. Tex. 2017) ...........................................................4

*Espineli v. Toyota Motor Sales, U.S.A., Inc.*,
2019 WL 2249605 (E.D. Cal. May 24, 2019) .................................................6

*In re: Gen. Motors LLC Ignition Switch Litig.*,
2016 WL 3920353 (S.D.N.Y. July 15, 2016) .................................................5

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Glass v. BMW of N. Am., LLC*,
2011 WL 6887721 (D.N.J. Dec. 29, 2011)...................................................................12

*Gordon v. Sig Sauer, Inc.*,
2020 WL 6118466 (S.D. Tex. Oct. 16, 2020).................................................................5

*Green v. Toyota Motor Corp.*,
2014 WL 12575717 (N.D. Tex. June 13, 2014) ...........................................................10

*Hamilton v. General Mills, Inc.*,
2016 WL 4060310 (D. Or. July 27, 2016) ...........................................................4, 11

*Jones v. Lubrizol Advanced Materials, Inc.*,
559 F. Supp. 3d 569 (N.D. Oh. 2021)...........................................................................14

*Joy Pipe USA L.P. v. Fremak Indus., Inc.*,
2014 WL 12599328 (S.D. Tex. Nov. 10, 2014) .............................................................9

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) .......................................................................................5

*Kwikset Corp. v. Superior Court*,
51 Cal.4th 310 (Cal. 2011).............................................................................................13

*Lewis v. Mercedes-Benz USA, LLC*,
530 F.Supp.3d 1183 (S.D. Fla. 2021) .............................................................................6

*Lilani v. Noorali*,
2011 WL 13667 (S.D. Tex. 2011) .................................................................................12

*Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*,
238 F.3d 363 (5th Cir. 2001) ..........................................................................................8

*Marrache v. Bacardi, U.S.A., Inc.*,
17 F.4th 1084 (8th Cir. 2021) .....12*In re McNeil Consumer Healthcare, Mktg. & Sales Pracs. Litig.*,
No. MDL 2190, 2011 WL 2802854 (E.D. Pa. July 15, 2011)...................................3

*In re Nexus 6P Prods. Liab. Litig.*,
293 F. Supp. 3d 888 (N.D. Cal. 2018) ...........................................................................10

*O'Connor v. Ford Motor Co.*,
2021 WL 4866353 (N.D. Ill. Oct. 19, 2021)...........................................................11, 12

# TABLE OF AUTHORITIES
### (continued)

Page(s)

*Rivera v. Wyeth-Ayerst Lab'ys,*
  283 F.3d 315 (5th Cir. 2002) ..................................................................1, 2, 3, 4

*Scherer v. FCA US, LLC,*
  2021 WL 4621692 (S.D. Cal. Oct. 5, 2021) ...............................................5

*Sharyland Water Supply Corp. v. City of Alton,*
  354 S.W.3d 407 (Tex. 2011)........................................................................8

*Siegel v. Shell Oil Co.,*
  612 F.3d 932 (7th Cir. 2010) .....................................................................12

*Spence v. Glock, Ges.m.b.H,*
  227 F.3d 308 (5th Cir. 2000) .......................................................................5

*Vuotto v. Abbott Lab'ys, Inc.,*
  2011 WL 3876923 (N.D. Ill. Aug. 31, 2011) ...........................................11

*Wilson v. Hewlett-Packard Co.,*
  668 F.3d 1136 (9th Cir. 2012) ..................................................................5, 6

*Zimmerman v. City of Austin, Tex.,*
  881 F.3d 378 (5th Cir. 2018) .......................................................................4

**Statutes**

Cal. Bus. & Prof. Code § 17204 .....................................................................12

Miss. Code Ann. § 75-24-15(4) .......................................................................13

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

Plaintiffs' Opposition has clarified that this case is not about the purchase of contaminated Wipes, and it isn't about physical harm caused by using allegedly contaminated Wipes.  Plaintiffs concede that the Wipes they purchased were not contaminated, and that they used the Wipes without incident.  Dkt. 85 ("Opp.") 15, 37.  This case is about uninjured people, who purchased Wipes that they used and that met their expectations, who nevertheless argue that they did not receive the "benefit of their bargain" solely because the Wipes were later recalled. Plaintiffs' theory is that whenever a product is voluntarily recalled by a manufacturer, every single purchaser is economically "damaged" by simply making a purchase—even if the product is one that the purchaser completely used up, and which had no problems and worked as intended.

Plaintiffs' expansive theory of liability would not only chill voluntary recall efforts that are critical to protecting consumer safety, it also has been soundly rejected by the Fifth Circuit in *Rivera v. Wyeth-Ayerst Lab'ys*, 283 F.3d 315, 319 (5th Cir. 2002).  Plaintiffs' Opposition does not mention this on-point case, cited in Kimberly-Clark's Motion.  Dkt. 81 ("Mot.") 14.  Any effort to distinguish the case would have been futile anyhow; *Rivera* involved a recalled drug that caused liver failure and held that merely purchasing (and using) a recalled drug does not give rise to any sort of injury, economic, or otherwise.  To have standing, a plaintiff must show that the recalled product was defective *as to him*.  Plaintiffs here cannot make that allegation, and they concede that they do not allege the products were defective as to them.  *Rivera* thus provides this Court with ample basis to dismiss the case in its entirety, because this defective theory of "harm" underlies every single cause of action asserted by every Plaintiff.  For that

reason, and the additional independent reasons discussed below, Kimberly-Clark's motion should be granted.

## II.     ARGUMENT

### A.     The Fifth Circuit Has Rejected Plaintiffs' Theory Of "Harm."

Plaintiffs' Opposition confirms that the *exclusive* theory on which their complaint rests is one conclusively rejected by the Fifth Circuit—monetary harm premised on purchasing a brand of product that was voluntarily recalled. *Rivera*, 283 F.3d at 319 (holding that the district court erred by not dismissing the complaint for lack of standing because the plaintiffs alleged denial of "benefit of the bargain" for a recalled drug, without any allegation that the pills they ingested were contaminated). Plaintiffs effectively concede that none of "their own products were . . . contaminated," Opp. 15, and confirm that none suffered physical injuries for which they seek compensation here, Opp. 37. Of the 22 Plaintiffs, 19 do not even allege that the Wipes they purchased were from a recalled lot. Yet, Plaintiffs assert that they are injured because they did not receive "the benefit of their bargain" for "wipes that were safely manufactured and not subject to a potential contamination." Opp. 15.

The Fifth Circuit was presented with the very same argument in *Rivera*, which Plaintiffs' Opposition brief does not address at all. *Rivera* rejected the "benefit of the bargain" theory of harm that Plaintiffs rely on here, in an analogous class suit regarding the loss of the "benefit of the bargain" for a drug recalled from the market due to the risk of liver damage. 283 F.3d at 316, 320. As here, the plaintiffs in *Rivera* alleged that the warnings were insufficient, the product was defective, others were injured, and they wanted their money back. *Id.* at 319. The Fifth Circuit reversed the district court and rendered a judgment of dismissal for lack of standing, chastising the plaintiffs for raising a "benefit of the bargain" theory, *id.* at 320, 322, explaining:

> [Plaintiffs'] confusion arises from the plaintiffs' attempt to recast their product
> liability claim in the language of contract law. The wrongs they allege—failure to
> warn and sale of a defective product—are products liability claims. . . . Yet, the
> damages they assert—benefit of the bargain, out of pocket expenditures—are
> contract law damages. The plaintiffs apparently believe that if they keep
> oscillating between tort and contract law claims, they can obscure the fact that
> they have asserted no concrete injury. Such artful pleading, however, is not
> enough to create an injury in fact.

*Id.* 320–21; *see also In re McNeil Consumer Healthcare, Mktg. & Sales Pracs. Litig.*, 2011 WL
2802854, at *1, 10–11 (E.D. Pa. July 15, 2011) (dismissing price-premium claim based on
defendants' concealment of systemic quality control problems and manufacturing defects that
affected medications because the plaintiff failed to allege "that her own product manifested any
defect or that she had suffered any specific injury" to establish standing). Moreover, in addition
to a showing of personalized injury to plaintiffs' products, the Fifth Circuit also requires
causation to establish standing. *Rivera,* 283 F.3d at 321.

Here, there is no standing. There is no alleged injury to the Plaintiffs' products. Opp.15
(none of the plaintiffs allege contamination as to them or their products). Nor is there a contract
on which a claim for lacking the "benefit of the bargain" could stand. Opp. 23 (conceding no
contractual privity). There is no causation. *See* Dkt. 64 ("Compl.") ¶¶ 81-137 (none of the
plaintiffs allege a connection between contamination and their wipes, only a hypothetical or
speculative possibility based on third-party accounts). And there is no case. The entire class
complaint can be dismissed because Plaintiffs' only theory of harm is the "benefit of the
bargain" theory rejected by the Fifth Circuit in *Rivera*, 283 F.3d at 319-22.

Plaintiffs have no answer for *Rivera*, so they ignore it and divert the Court to inapplicable
cases regarding gas pipelines or car parts, urging the Court to "assume[] [Article III standing]
without discussion." Opp. at 2-3. But the constitutional requirements of Article III, and the Fifth
Circuit's binding decision in *Rivera*, cannot be so easily cast aside. This case stands in contrast

to recalls of other products, like car parts, where the plaintiffs alleged that the defect manifested itself in the products.[1]  Here, Plaintiffs do not, and cannot, allege that the products they purchased were defective in any way—as was the case in *Rivera*.  This distinction dooms Plaintiffs' complaint.  Unlike the parties in the cases they cite, *none* of the 22 Plaintiffs allege that the Wipes they purchased were actually defective or failed to perform as expected.  Opp. 15. Plaintiffs therefore cannot articulate a basis for standing.  *See Rivera*, 283 F.3d at 319-22.

Plaintiffs contend that a voluntary refund offer does not defeat standing, but, even if so, Plaintiffs' rejection of that offer does not create an injury so as to *confer* standing.  *See Zimmerman v. City of Austin, Tex.*, 881 F.3d 378, 389 (5th Cir. 2018) ("[S]tanding cannot be conferred by a self-inflicted injury."); *see also Hamilton v. General Mills, Inc.,* 2016 WL 4060310, at *3–5 (D. Or. July 27, 2016) (dismissing claim based on potential gluten contamination from recalled Cheerios for lack of standing because the only "injury" alleged was "a $15.98 purchase to which [plaintiff] is entitled a refund.").[2]  As such, the outcome is the same—the Plaintiffs cannot plead a basis for standing.[3]

---

[1]  Plaintiffs cite to two cases for the notion that showing that "their own products were definitively contaminated is irrelevant to this theory of recovery," Opp. 3, but *Cole v. Gen. Motors Corp.*, 484 F.3d 717 (5th Cir. 2007), cites favorably to *Rivera* for the notion that Article III requires a particularized injury as to the product or the plaintiffs. *Id.* at 722–23 (citing *Rivera*, 283 F.3d at 319-20).  In *Cole*, the plaintiffs established Article III standing because they alleged that *all the cars contained a defective part*. *Id.*  In *Dragoslavic v. Ace Hardware Corp.*, 274 F. Supp. 3d 578 (E.D. Tex. 2017), plaintiffs established Article III standing through clear and explicit allegations that the plaintiffs' products were not, as described, made of "Solid Brass."  *Id.* at 582–83. Here, on the other hand, Plaintiffs do not allege that *any* of their Wipes were contaminated.

[2]  Plaintiffs attempt to distinguish *Hamilton*, an on-point case about a recall and voluntary refund program issued after a potential contamination of a consumer product, by illogically suggesting that the "case has little in common with the facts here," mischaracterizing the facts to suggest that the refunds were offered in cash (when the ruling does not specify that the refund was made in cash), and suggesting that the widely advertised nature of the refund program was relevant, when the court only pointed out as relevant that the plaintiff was offered a refund that mooted his non-cognizable claims for economic loss.  Opp. 16 (citing *Hamilton*, 2016 WL 4060310, at *5).

[3]  Plaintiffs' cited cases merely support the position that a voluntary refund program does not alter the standing requirements or outcome for an injury-in-fact assessment under Article III.  Opp. 16.

Because Plaintiffs' only theory of harm is one that has been rejected by the Fifth Circuit as constitutionally deficient, the Court should dismiss Plaintiffs' complaint for lack of standing.

**B.      Plaintiffs Have Failed to State A Common-Law Claim Upon Which Relief Can Be Granted.**

Plaintiffs fail to state a claim for relief for their seven common-law claims—under any of the 17 applicable state laws.[4]

### 1.      Plaintiffs' Fraudulent Omission Claims Fail As a Matter of Law.

This Court should dismiss Plaintiffs' fraud claims, which fall short of Rule 9(b)'s requirement that fraud claims, *including fraudulent omission claims*, must "be pleaded with particularity." *In re: Gen. Motors LLC Ignition Switch Litig.*, 2016 WL 3920353, at *25 (S.D.N.Y. July 15, 2016); *see also Scherer v. FCA US, LLC*, 2021 WL 4621692, at *2 (S.D. Cal. Oct. 5, 2021).[5]

Plaintiffs' allegations are insufficient to establish that Kimberly-Clark had knowledge of possible contamination prior to initiating its investigation and subsequent recall.  As a result, Plaintiffs cannot establish the inference of scienter necessary to state a claim for fraud.  *See Gordon v. Sig Sauer, Inc.*, 2020 WL 6118466, at *6 (S.D. Tex. Oct. 16, 2020).  Simply put,

---

[4]   Plaintiffs argue that it is "premature" to evaluate the plausibility of their common-law claims because it is too soon to determine which states' laws apply.  Opp. 11 n.13, 12, 15.  But Plaintiffs already took a position on that issue by asserting claims on behalf of 17 putative subclasses, with residents from 17 different states.  Compl, ¶¶ 231, 298-496.  After raising such claims (including state statutory claims under the laws of all 17 states), Plaintiffs cannot now claim that it is "premature" to evaluate the sufficiency of their allegations under any of those laws.  Courts in other "multistate class actions have refused to find a single state's law controlling," and often apply the law of the "place of injury (i.e., the place of purchase)" to plaintiffs' common-law claims. *Spence v. Glock, Ges.m.b.H*, 227 F.3d 308, 314-15 (5th Cir. 2000); see also *id*. at 314 n.12 (collecting cases).  If the Court does not dismiss for lack of standing, it should do the same here, by evaluating the sufficiency of each putative subclass's common-law claims under the law of the state in which their purchases were made, and thus where their alleged injuries occurred.  *See* Dkt. 81-1 ("App'x to Mot.") (setting forth case law to support dismissal of Plaintiffs' common-law claims under each of the 17 applicable state laws).

[5]   Plaintiffs cite *Scherer* and *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009), for the proposition that there is a lower particularity standard for pleading fraudulent omission claims.  But those cases hold that the heightened standard does apply to omission claims, even if its application is less rigorous for the time and place of an omission.  *See Kearns*, 567 F.3d at 1127; *Scherer*, 2021 WL 4621692, at *2.

Kimberly-Clark cannot violate a duty to disclose facts of which it was not yet aware. *See Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1145 (9th Cir. 2012). Plaintiffs rest their fraud claim on general allegations of complaints by non-parties, supported by eleven anecdotal examples, most of which are undated and cannot show when Kimberly-Clark's knowledge arose. Compl. ¶¶ 60-68. But "[g]enerally, consumer complaints by themselves do not establish a manufacturer's knowledge." *Click v. Gen. Motors LLC*, 2020 WL 3118577, at *7 (S.D. Tex. Mar. 27, 2020) (acknowledging an exception to this general rule where complaints were unusually numerous and plaintiffs alleged notice); *see also Lewis v. Mercedes-Benz USA, LLC*, 530 F.Supp.3d 1183, 1223 (S.D. Fla. 2021) (twelve customer complaints did not "adequately establish defendants' knowledge of a defect"); *Espineli v. Toyota Motor Sales, U.S.A., Inc.*, 2019 WL 2249605, at *7 (E.D. Cal. May 24, 2019) (thirteen complaints not sufficient to allege knowledge of defect).[6]

Further, Plaintiffs' conclusory allegations that Kimberly-Clark "suppl[ied] misleading information about the risks attendant to exposure to Wipes contaminated with Pluralibacter gergoviae and omitted material information about . . . the Wipes" on its recall website and FAQ, *see* Opp. 6 n.3, also far fall short of Rule 9(b)'s heightened pleading standard. Plaintiffs fail to allege with specificity what was missing or misleading about any of Kimberly-Clark's statements and what material information was omitted from its notice.

Finally, Plaintiffs fail to allege damages. It is well established that when "a product performs satisfactorily and never exhibits an alleged defect, no cause of action lies." *Briehl v. Gen. Motors Corp.*, 172 F.3d 623, 628 (8th Cir. 1999). Plaintiffs do not allege that the Wipes

---

[6] Straining to find case law that supports their position, Plaintiffs misrepresent the holding in *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136 (9th Cir. 2012). The Ninth Circuit in that case affirmed dismissal of fraud claims, noting that "plaintiffs who successfully allege that a manufacturer was aware of a defect present a stronger factual basis for their claims than [the *Wilson* plaintiffs]." *Id*. at 1146. Plaintiffs are wrong to say that the Ninth Circuit found allegations of customer complaints amounted to a "strong[] factual basis." Opp. 7 n.6.

they purchased were contaminated.  To the contrary, they allege that they used the Wipes

without incident.  Plaintiffs cannot plead around this fundamental defect simply by alleging that

they regret their purchases, or that the Wipes could hypothetically have been contaminated.

 2. **Plaintiffs Fail to Adequately Plead Negligent Misrepresentation.**

Plaintiffs have failed to properly plead negligent misrepresentation.  To start, "[a]n

omission is generally not actionable under a negligent misrepresentation claim."  *Baird v.

Samsung Elecs. Am., Inc.*, 522 F. Supp. 3d 679, 686 (N.D. Cal. 2021).  None of the cases cited

by Plaintiffs hold to the contrary.  Notably, all states generally require some false or misleading

statement as an element of negligent misrepresentation.  *See* App'x to Mot., at 1-8.  Here,

Plaintiffs argue that  "the crux of Plaintiffs' theory is omission, not affirmative

misrepresentation," effectively conceding that they have not pleaded a basis for negligent

misrepresentation.  Opp. 22.

But even if Plaintiffs are permitted to base their negligent misrepresentation claims on

silence alone, Fifth Circuit precedent supports dismissal when an "inadequate fraud claim is so

intertwined with the negligent misrepresentation claim that it is not possible to describe a simple

redaction that removes the fraud claim while leaving behind a viable negligent misrepresentation

claim."  *Am. Realty Trust, Inc. v. Travelers Cas. and Sur. Co. of Am.*, 362 F. Supp. 2d 744, 751-

52 (N.D. Tex. 2005) (citing *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363 (5th

Cir. 2001)).  That is the case here:  Plaintiffs' negligent misrepresentation claims are a

repackaging of their deficient fraudulent omission claims, and fail for the same reasons.

Further, Plaintiffs' conclusory allegations do not support an inference that Kimberly-

Clark failed to exercise reasonable care.  Kimberly-Clark does not have to reach beyond the

pleadings to demonstrate that it acted responsibly in investigating customer complaints and

initiating the voluntary recall:  Plaintiffs' Complaint alleges these facts on Kimberly-Clark's

behalf.  *See* Compl. ¶¶ 67, 70, 73, 91, 99, 151, 182, 222.  And Plaintiffs' allegations that Kimberly-Clark made misleading statements and failed to publicize its refund program are objectively false, as shown by the recall notice excerpted, linked, and incorporated in Plaintiffs' Complaint, which provided clear information, including instructions on how to check lot numbers and obtain a refund.[7]  Plaintiffs' claim that Kimberly-Clark failed to exercise reasonable care therefore rests on an implausible foundation.

### 3.    Plaintiffs' Negligence and Strict Liability Claims Are Barred.

Plaintiffs admit that they only seek economic damages, and the consequence is that the economic loss doctrine bars Plaintiffs' negligence and strict liability claims.  Plaintiffs oppose dismissal by relying solely on Texas law, but even under Texas law their arguments are unavailing.  Plaintiffs mischaracterize Texas law as limiting the economic loss doctrine to cases where the parties are in contractual privity.  Opp. 11.  But Texas courts have "applied this rule even to parties not in privity (*e.g.* a remote manufacturer and a consumer)," as is the case here. *Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 418 (Tex. 2011).  And like Texas, the other 16 states at issue also recognize that negligence and strict liability claims cannot lie when a plaintiff asserts a purely economic injury arising from a product defect.  *See* Mot. 12 n.10; App'x to Mot. 9-10.

Plaintiffs' effort to evade the economic loss doctrine on the theory that Kimberly-Clark was subject to an "independent legal duty" also rests on a mischaracterization.  Courts generally do not apply "[t]he economic loss rule . . . [to] bar *fraud and fraudulent inducement* claims because the parties to a contract had an independent duty not to commit the intentional tort of

---

7   *See* Compl. 15 n. 14 (citing Product Recall, Cottonelle.com, available at https://web.archive.org/web/20201010170856/https://www.cottonelle.com/en-us/recallfaq) (last accessed March 29, 2022)).

fraud." *Barcenas v. Fed. Home Loan Mortg. Corp.*, 2013 WL 286250, at *4 (S.D. Tex. Jan. 24,

2013) (emphasis added).  That limitation is inapposite to the question of whether Plaintiffs'

*negligence* and *strict liability* claims are barred by the doctrine.  Plaintiffs' suggestion that

Kimberly-Clark's regulatory duties preclude it from invoking the economic loss doctrine rests on

an unprecedented extension of that principle—and cannot be reconciled with the fact "that strict

liability is one area in which application of the economic loss rule is well-established," *Joy Pipe*

*USA L.P. v. Fremak Indus., Inc.*, 2014 WL 12599328, at *2 (S.D. Tex. Nov. 10, 2014), since

virtually every manufacturer has regulatory obligations similar to those invoked by Plaintiffs.

### 4.     Plaintiffs' Express and Implied Warranty Claims Fail As a Matter of Law.

Plaintiffs' express and implied warranty claims fail because Plaintiffs have not alleged

that the Wipes *they* purchased were defective.  Courts applying Texas law, and the other laws

applicable here, agree that plaintiffs cannot adequately allege a breach-of-warranty claim based

solely on a hypothetical defect that never materialized, or that only materialized in *other*

*consumers*' products.[8]  *See Coghlan v. Aquasport Marine Corp.*, 73 F. Supp. 2d 769, 773 (S.D.

Tex. 1999) (dismissing implied warranty claim based on the "glaringly obvious" "deficienc[y]"

that the only alleged defect in plaintiffs' own products was "in theory, a heightened propensity to

deteriorate"); *In re Air Bag Prods. Liab. Litig.*, 7. F. Supp. 2d 792, 803 (E.D. La. 1998)

(dismissing claim for breach of the implied warranty of merchantability under Texas law because

---

[8]   Plaintiffs' only two cases to the contrary are inapposite.  The first applied South Dakota law (which is not at issue here) and explained that its analysis was limited to the "unique" attributes of "food recalls." *Dakota Style Foods, Inc. v. SunOpta Grains and Foods, Inc.*, 329 F. Supp. 3d 794, 805 (D.S.D. 2018).  And the second held that "the degree to which a food may be contaminated with bacteria . . . is a factual dispute that is premature at the pleading stage" where it was alleged that the food purchased by the plaintiff was *actually contaminated* with listeria, and the factual dispute was whether any degree of contamination rendered a warranty about "freshness" false.  *Coffelt v. Kroger Co.*, 2017 WL 10543343, at *7 (C.D. Cal. Jan. 27, 2017).

plaintiffs did not allege that their products "functioned improperly under normal use" (citation omitted)).[9]

Plaintiffs' express warranty claims fail for the additional reason that Plaintiffs have failed to allege any actionable statement.  Courts agree that generic representations stating that a product is "dependable and safe" constitute non-actionable statements of opinion, because they are "not specific and do not convey definite implications."  *Green v. Toyota Motor Corp.*, 2014 WL 12575717, at *3, *8 (N.D. Tex. June 13, 2014) (citation omitted); *see also id.*, at *8 (only statements that "related to specific features" and "highlighted certain safety features" constituted actionable express warranties).  Defendants' representations that the Wipes would "perform as intended" and were "safe for their intended use" and "sanitary" are not sufficiently specific to be actionable—and, at any rate, Plaintiffs have not alleged that those representations were false with respect to the Wipes that *they* purchased.

Plaintiffs' express warranty claims also fail because Plaintiffs failed to even allege that they saw and read these representations, let alone relied on them.  *See* Mot. 13-14.  Plaintiffs mischaracterize this as an evidentiary issue that should not be addressed at this stage, Opp. 16, but Plaintiffs' claims fail because of the insufficiency of the *allegations*.   "[A]t a minimum, the plaintiff must plead that he was aware of the advertising statements."  *See In re Nexus 6P Prods. Liab. Litig.*, 293 F. Supp. 3d 888, 938 (N.D. Cal. 2018) (citing Texas, California, Indiana, New York, North Carolina, and Washington law).  There is no need to wait for the Court to evaluate evidence when the claims on a motion to dismiss can be resolved on the insufficiency of the

---

[9]   Plaintiffs also appear to concede the point that, to the extent Arizona, California, Florida, Illinois, New York, North Carolina, or Washington law applies to their claims, they fail to state a claim for breach of implied warranty because they cannot establish vertical contractual privity with Kimberly-Clark.  *See* Mot. 15 (discussing vertical contractual privity requirement); Opp. 15 (responding only by asserting that "a choice-of-law analysis is premature").

allegations.  That is especially so when Plaintiff has conceded that the "crux of Plaintiff's theory is omission, not affirmative misrepresentation."  Opp. 22.

### 5.   Plaintiffs Fail to Sufficiently Plead Unjust Enrichment Claims.

Plaintiffs' unjust enrichment claims fail because Plaintiffs have not adequately alleged that their Wipes were defective nor that they were unable to obtain refunds for which they were eligible.  Accordingly, Plaintiffs cannot establish that they conferred a benefit on Kimberly-Clark.  Plaintiffs' Opposition brief suggests that every Plaintiffs' Wipes were from lots impacted by the recall, *see* Opp. 17 n.24, but there are no such allegations in the Complaint.  To the contrary, only seven Plaintiffs make any sort of allegation that their Wipes were impacted by the recall.  *See* Compl. ¶¶ 108, 114, 154-55, 162-63, 177-78, 203-04, 228.  Three of those Plaintiffs (Gordan, Heinrich, and Rothfield) do not allege that they made any effort to obtain a refund.  And the other four (Levit, Conley, Alexander, and Simpson) *did* obtain refunds.[10]  None of the other 15 Plaintiffs allege that their Wipes were from recalled lots, and several do not allege that they made any effort to obtain a refund.  Thus, the Complaint falls short of pleading that any Plaintiff was eligible for a refund, attempted to obtain it, and could not.  Plaintiffs therefore cannot establish that Kimberly-Clark unjustly retained any benefit.  *See Vuotto v. Abbott Lab'ys, Inc.*, 2011 WL 3876923, at *4 (N.D. Ill. Aug. 31, 2011) (dismissing for failure to plausibly allege that refund was unavailable or product was defective); *Hamilton*, 2016 WL 4060310, at *6 (dismissing claim where refund was available).

***Arizona, California, Florida, Massachusetts, Mississippi, New Mexico, New York, North Carolina, and South Carolina.***  Plaintiffs' claims for unjust enrichment under the laws of

---

[10]   Plaintiffs' suggestion that the four Plaintiffs who received refunds were not made whole because they received prepaid debit cards rather than cash, is erroneous.  *See* Opp. 1, 4, 8.  Plaintiffs do not allege that their products were contaminated, or that the refunds were for less than the full purchase price, and they cite to no case law suggesting that a non-cash refund is legally inadequate.

these nine states also fail because Plaintiffs have an adequate remedy at law.  *See* Mot. 16-17;

*O'Connor v. Ford Motor Co.*, 2021 WL 4866353, at *23 (N.D. Ill. Oct. 19, 2021) (collecting

cases).  Plaintiffs' insistence that they may plead unjust enrichment "in the alternative," Opp. 18,

is unavailing where these duplicative claims rely on the same factual allegations and legal

theories as their legal claims.  They have "pled another adequate remedy at law—even if [they

are] not, at the end of the day, entitled to that remedy."  *O'Connor*, 2021 WL 4866353, at *23.

>    ***California, Florida, Illinois, New Jersey, and Texas***.  Plaintiffs cannot prevail on

standalone unjust enrichment claims under the laws of California, Illinois, or Texas.  *See* Mot.

16; *see also Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010); *Lilani v. Noorali*, 2011

WL 13667, at *11 (S.D. Tex. 2011).  And it cannot prevail on its claims under Florida or New

Jersey law, which require that the plaintiff confer a *direct* benefit on the defendant, because

Plaintiffs do not allege a "sufficiently direct relationship" with Kimberly-Clark.  *Glass v. BMW

of N. Am., LLC*, 2011 WL 6887721, at *16 (D.N.J. Dec. 29, 2011) (dismissing claim involving

plaintiffs' purchase of vehicles from dealer not manufacturer); *Marrache v. Bacardi, U.S.A., Inc.*,

17 F.4th 1084, 1102 (8th Cir. 2021) (holding that an indirect benefit was conferred on a

manufacturer when plaintiffs purchased product from a retailer).

## C.     Plaintiffs Fail to State a Claim for Relief Under State Consumer-Protection Statutes.

>    Finally, numerous defects doom Plaintiffs' state consumer-law statutory claims.

### 1.     Plaintiffs' Claims Under California, Indiana, Maine, Massachusetts, and Mississippi Law Are Barred.

>    ***California***.  Plaintiffs acknowledge that an *actual economic injury* is a requirement of

standing under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17204.

*See* Opp. 20.  Courts dismiss UCL claims when the injury alleged is that the products were

"worth less than what [plaintiff] paid for them" due to a "hypothetical risk" or defect.  *Birdsong*

*v. Apple, Inc.*, 590 F.3d 955, 961 (9th Cir. 2009); *see also Amburgey v. CaremarkPCS Health, L.L.C.*, 2017 WL 7806634, at *3 (C.D. Cal. Sept. 21, 2017).  That sort of hypothetical "harm" is precisely what Plaintiffs allege, and they thus lack statutory standing.[11]

    ***Mississippi.***  Plaintiffs do not dispute that Mississippi's Consumer Protection Act bars "class claims."  *See* Miss. Code Ann. § 75-24-15(4), and should result in dismissal of these claims.  *See* Opp. 20.  Plaintiffs' class claims under Mississippi law are statutorily barred.

    ***Indiana, Maine, Massachusetts, and Mississippi.***  Plaintiffs do not dispute that the notice requirements under Indiana, Maine, Massachusetts, and Mississippi's consumers laws make a demand letter a *mandatory precondition* for filing a claim, nor do they dispute that they made no pre-suit demands.  Opp. 20-21.  Accordingly, these claims should be dismissed.

    **2.    Plaintiffs Have Not Alleged Actionable Conduct or Scienter.**

    Plaintiffs' statutory claims uniformly fail because Plaintiffs have not alleged actionable misconduct.  Once again, Plaintiffs bought and used Wipes that lacked any indicia of contamination and lived up to all marketing and advertising representations.  Because Plaintiffs cannot establish that *they* were misled, deceived, defrauded, or treated unfairly based on allegations about *other consumers' products*, their statutory claims fail at the starting gate.

    ***Illinois, Indiana, Missouri, and New Jersey.***  Plaintiffs' statutory claims under these states' laws fail for the additional reason that Plaintiffs do not plausibly allege deceptive or fraudulent intent.  *See* Mot. 22; *supra* at Section II.C.1.  To the contrary, Plaintiffs correctly allege that Kimberly-Clark implemented a broad, proactive, and voluntary recall that provided

---

[11]  Plaintiffs cite *Kwikset Corp. v. Superior Court*, which involved a false advertising claim in which Plaintiffs alleged that their functional products were materially different from what they had thought they were buying. 51 Cal.4th 310, 332-33 (Cal. 2011).  That case is inapposite here, because Plaintiffs have failed to allege that the Wipes they purchased were contaminated, defective in any way, or otherwise materially different from what the product they thought they were buying.

customers with the opportunity of a full refund.  *See* Compl. ¶¶ 10-11, 70, 72-74, 80.  Those

allegations evince a clear *lack* of fraudulent intent, because they suggest that Kimberly-Clark

went to great lengths to inform consumers about any potential risk that their Wipes were

contaminated, and to issue refunds without requiring any showing of proof or causation.

### 3. Plaintiffs Fail to Allege Proximate Causation or Reliance.

Plaintiffs' statutory claims also fail because Plaintiffs have failed to allege any details

regarding what statements by Kimberly-Clark they viewed when making their purchases, or what

*specific* omissions allegedly induced them to purchase the Wipes.  Under Rule 9(b), a plaintiff

cannot establish proximate cause without "alleg[ing] when or where [he or she] heard or read

[the] various alleged misstatements."  *Jones v. Lubrizol Advanced Materials, Inc.*, 559 F. Supp.

3d 569, 642 (N.D. Oh. 2021).  Plaintiffs' statutory claims rest on conclusory allegations that fall

short.[12]  Plaintiffs also fail to allege reliance, which is a required element under the laws of

Arizona, Maine, North Carolina, and Texas.  *See* Mot. 22.

### 4. Plaintiffs Fail to Adequately Allege Damages.

As explained above, Plaintiffs also fail to allege cognizable damages, and that failure is

fatal to all of their statutory claims.  Plaintiffs insist that they paid a "price premium" for

worthless Wipes.  Opp. 23.  But this suggestion is belied by the allegations that the Plaintiffs

used the Wipes that they purchased without issue, and that many of them used most or all of the

pack, or made repeat purchases.  Thus, Plaintiffs do not plead any facts that suggest that they

received less than the full benefit of their bargain.

---

[12]  Plaintiffs assert that proximate cause and reliance are presumed because they assert their statutory claims solely on an "omission-based theor[y]."  Opp. 22.  Plaintiffs thus appear to have disclaimed all other theories of statutory liability set forth in their Complaint, including those based on alleged misrepresentations or false advertising, an alleged failure to implement adequate quality control mechanisms, and an alleged failure to issue the recall sooner.  *See* Compl. ¶¶ 303, 312, 324, 330, 342, 351, 362, 371, 379, 389, 401, 412, 422, 436, 447, 457, 466, 482, 493.  To the extent Plaintiffs seek to recover under any non-omission-based theory of wrongdoing, they are not entitled to any presumption of reliance.

## II. CONCLUSION

For all of the reasons set forth above, and in Kimberly-Clark's memorandum in support of its Motion to Dismiss, Plaintiffs' claims should be dismissed in their entirety, with prejudice.

DATE:   June 13, 2022                    Respectfully submitted,

By:   /s/ *Heather L. Richardson*

Heather L. Richardson
*Admitted Pro Hac Vice*

Timothy W. Loose
*Admitted Pro Hac Vice*
Veronica S. Lewis
Texas Bar No. 24000092
Andrew LeGrand
Texas Bar No. 24070132
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Ave., Suite 2100
Dallas, TX 75201-2923
Telephone: (214) 698-3100
Facsimile: (214) 571-2936

*ATTORNEYS FOR DEFENDANT*
*KIMBERLY-CLARK CORPORATION*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically on June

13, 2022.  Accordingly, this document was served on each party who is a registered user of ECF.


/s/   *Heather L. Richardson*
Heather L. Richardson