# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement ("Settlement Agreement" or "Agreement") is entered into by and between Plaintiffs Melissa Armstrong, Roland Nadeau, Karyn Ray, Linda Gordan, Erik Heinrich, Sandra Green, Ruth Bogue, Ann Rader, Karen Zambelli, Susan Hall, Mark Levit, Courtney Conley, Jannet Ray, Tracey Alexander, Adrian Lewis, Mitchell Craven, Daniel Kaplan, Stephen Simpson, Rosetta Turner, Donna Styx, Jamie Chipman, and Dawn Rothfeld, individually and on behalf of Participating Settlement Class Members (as defined in Paragraph 2.25) (together, "Plaintiffs"), and Defendant Kimberly-Clark Corporation ("Defendant" or "Kimberly-Clark") (collectively, the "Parties") in the action *Armstrong et al. v. Kimberly-Clark Corp.*, Case No. 3:20-cv-3150, pending in the United States District Court for the Northern District of Texas.

## 1. RECITALS

1.1     On October 16, 2020, plaintiffs Melissa Armstrong and Roland Nadeau filed a class action complaint against Kimberly-Clark in the United States District Court for the Northern District of Texas on behalf of a putative nationwide class, along with a California subclass. *See Armstrong et al. v. Kimberly-Clark Corp.*, Case No. 20-cv-03150 (N.D. Tex.). The case was assigned to the Honorable Chief District Judge Barbara Lynn.

1.2     On November 19, 2020, New York resident Dawn Rothfeld filed a putative class action in the United States District Court for the Eastern District of New York asserting similar allegations. *See Rothfeld v. Kimberly-Clark Corp.*, Case No. 20-cv-05647 (E.D.N.Y.).

1.3     After the *Rothfeld* action was transferred to the United States District Court for the Northern District of Texas, Judge Lynn entered an order consolidating *Rothfeld* with *Armstrong* on July 9, 2021.  A Consolidated Amended Complaint was filed in the consolidated Action on March 19, 2022.

1.4     The Action, if it were to continue, would likely result in expensive and protracted litigation, appeals, and continued uncertainty as to outcome.

1.5     While Kimberly-Clark does not dispute that the settlement is fair and reasonable in light of the merits and risks of the case, Kimberly-Clark does not admit or concede any actual or potential fault, wrongdoing, or legal liability in connection with any facts or claims that have been or could have been alleged by Plaintiffs in the Action.

1.6     Without admitting to the validity of any allegations made by Plaintiffs, or any liability with respect thereto, the Parties agree that it is desirable that this action be settled upon the terms and conditions set forth below to avoid further expense and uncertain, burdensome and protracted litigation, which will be dismissed and released on the terms reflected in this Agreement.

1.7     The agreement reflected in this Settlement Agreement was reached after extensive arm's length settlement negotiations conducted through the Honorable Deborah Hankinson (Ret.). These efforts include all-day mediation sessions on December 20, 2021, June 1, 2022, and May 1,

1

2023, along with ongoing, months-long negotiations before and after those sessions. After exhaustive negotiations proved unsuccessful, Justice Hankinson made a mediator's proposal on March 24, 2023, which the Parties accepted. Thereafter, the Parties negotiated a term sheet setting forth the essential terms of settlement.  This Agreement supersedes the term sheet completely, and to the extent that there are any ambiguities or inconsistencies between the Agreement and the term sheet, this Agreement shall govern.

       1.8     This Settlement Agreement reflects a compromise between the Parties, and shall in no event be construed as or be deemed an admission or concession by any Party of the truth, or lack thereof, of any allegation, or the validity, or lack thereof, of any purported claim or defense asserted in any of the pleadings or filings in the Action, or of any fault on the part of Kimberly-Clark, and all such allegations are expressly denied by Kimberly-Clark.  Nothing in this Settlement Agreement shall constitute an admission of liability or used as evidence of liability, by or against any Party hereto.

       1.9     In exchange for the mutual promises and valuable consideration provided for in this Agreement, and without any admission or concession by either Party, the Parties agree to a full, complete, and final settlement and resolution of the Action, subject to Court approval, on the following terms and conditions:

## 2.  DEFINITIONS

       In addition to terms defined at various points within this Agreement, the following defined terms shall have meanings set forth below:

       2.1     "Action" means the consolidated class action lawsuit captioned *Armstrong et al. v. Kimberly-Clark Corporation*, Case No. 3:20-CV-3150, currently pending before the Honorable Barbara M. G. Lynn in the United States District Court for the Northern District of Texas, including all of its related cases prior to consolidation.

       2.2     "Amount Payable for Approved Claims" means the total monetary amount of all Approved Claims.

       2.3     "Approved Claim" means a timely submitted Claim by a Participating Settlement Class Member that has been approved by the Settlement Administrator.

       2.4     "Claims Deadline" means the last day to submit a timely Claim Form, which will occur sixty (60) days after the Notice Date.

       2.5     "Claim Form" or "Claim" means the form(s) Participating Settlement Class Members must submit to the Settlement Administrator to be eligible for relief provided by this Settlement Agreement, which is attached hereto as Exhibit 3.

       2.6     "Claims Period" means the period of time during which Settlement Class Members may submit Claims to receive Settlement benefits, which will end on the Claims Deadline.

2.7     "Class Counsel" means J. Austin Moore of Stueve Siegel Hanson LLP; Joshua L. Hedrick of Hedrick Kring Bailey PLLC; Michael R. Reese of Reese LLP; and Jordan S. Palatiello of Lewis Johs Avallone Aviles, LLP.

2.8     "Court" means the Honorable Barbara M. G. Lynn in the United States District Court for the Northern District of Texas, or such other judge to whom the Action may hereafter be assigned.

2.9     "Effective Date" means ten (10) business days after the date of entry of the Court's Final Approval Order, or if there is one or more objector, then "Effective Date" means ten (10) business days after the expiration of the time for such objectors to file a notice of appeal from the Final Approval Order, if no appeal is filed; or if an appeal is filed, then "Effective Date" means ten (10) business days after the latest of the expiration of the time to petition for writ of certiorari to review the Final Approval Order, if affirmed; and if certiorari is granted, then "Effective Date" means ten (10) business days after the date of final affirmance of the Final Approval Order following review pursuant to that grant or the date of final dismissal of any appeal from the Final Approval Order to the final dismissal of any proceeding on certiorari to review the Final Approval Order that has the effect of confirming the Final Approval Order.  For clarity and avoidance of doubt, in no event shall the Effective Date occur any time sooner than ten (10) business days after the final resolution of any legal challenges that may be brought in response to the Court's Final Approval Order.

2.10     "Fee Application" means any motion for an award of attorneys' fees and Litigation Costs and Expenses to be paid as specified in Paragraph 12.2.

2.11     "Fee Award and Costs" means the amount of attorneys' fees and reimbursement of Litigation Costs and Expenses awarded by the Court to Class Counsel.

2.12     "Final Approval Hearing" means the hearing to be conducted by the Court to determine the fairness, adequacy, and reasonableness of the Settlement Agreement pursuant to Federal Rule of Civil Procedure 23 and whether to issue a Final Approval Order and Judgment.

2.13     "Final Approval Order and Judgment" means an order and judgment that the Court enters after the Final Approval Hearing, which finally approves the Settlement Agreement, certifies the Settlement Class, dismisses the Action with prejudice, otherwise satisfies the settlement-related provisions of Federal Rule of Civil Procedure 23, and is consistent with all material provisions of this Settlement Agreement. Class Counsel will submit a proposed Final Approval Order and Judgment in conjunction with Plaintiffs' motion for final approval.

2.14     "Household" means all individuals who resided at one physical address at any time between February 7, 2020 and the present.

2.15     "Kimberly-Clark's Counsel" means Heather L. Richardson of Gibson, Dunn & Crutcher LLP.

2.16     "Litigation Costs and Expenses" means the costs and expenses incurred by counsel for Plaintiffs in connection with commencing, prosecuting, and settling the Action.

2.17    "Maximum Settlement Amount" means an amount not to exceed seventeen million five hundred thousand dollars ($17,500,000.00) that Kimberly-Clark agrees to pay to satisfy valid Claims if the Amount Payable for Approved Claims exceeds the Minimum Settlement Amount subject to the conditions in Paragraph 2.18 ("Minimum Settlement Amount"). For the avoidance of doubt, in no event shall Kimberly-Clark pay more than $13,500,000 in additional new dollars to satisfy payments for Approved Claims.

2.18    "Minimum Settlement Amount" means the minimum total payment of ten million dollars ($10,000,000.00) that Kimberly-Clark agrees to pay to satisfy valid Claims and Litigation Costs and Expenses. The Minimum Settlement Amount includes four million dollars ($4,000,000.00) in credit that is attributable to the amount of claims Kimberly-Clark previously paid through activated refund cards issued through the Recall and Refund Program. Thus, this Parties agree that the "Minimum Settlement Amount" of ten million dollars ($10,000,000.00) is comprised of: (1) the four million dollar ($4,000,000.00) credit, and (2) an additional six million dollars ($6,000,000.00) to be paid toward the satisfaction of the Minimum Settlement Amount. If the Amount Payable for Approved Claims exceeds the Minimum Settlement Amount, Kimberly-Clark will pay any additional Approved Claims in an amount not to exceed the Maximum Settlement Amount, consistent with Paragraphs 2.17 and 6.4.

2.19    "Notice" means notice of the proposed class action Settlement to be provided to Settlement Class Members pursuant to the Preliminary Approval Order, substantially in the form attached hereto as Exhibit 2.

2.20    "Notice and Administrative Expenses" means all of the expenses incurred in the administration of this Settlement, including, without limitation, all expenses or costs associated with providing Notice to the Settlement Class, including by Amazon, Inc. (*see* Paragraph 4.2) locating Settlement Class Members, processing Claims, determining the eligibility of any person to be a Settlement Class Member, and administering, calculating and distributing the Settlement Fund to Participating Settlement Class Members. Administrative Expenses also include all reasonable third-party fees and expenses incurred by the Settlement Administrator in administering the terms of this Agreement.

2.21    "Notice Date" shall be the later of: (i) seven (7) days after the mailing of all Notices sent by U.S. mail; (ii) one (1) day after the date by which all email Notices have been emailed; and (iii) one (1) day after the date by which the publication Notice campaign has been initiated.

2.22    "Notice Deadline" means the last day by which notice sent by U.S. mail and email must issue to the Settlement Class Members and will occur forty-five (45) days from entry of the Preliminary Approval Order. Notice by publication shall extend until the Claims Deadline.

2.23    "Objection Deadline" is the last day on which a Settlement Class Member may file an objection to the Settlement or Fee Application, which will be forty (40) days after the Notice Date.

2.24    "Opt-Out Deadline" is the last day on which a Settlement Class Member may file a request to be excluded from the Settlement Class, which will be forty (40) days after the Notice Date.

2.25    "Participating Settlement Class Member" means a Settlement Class Member who does not submit a valid Request for Exclusion prior to the Opt-Out Deadline.

2.26    "Preliminary Approval Order" means an order directing issuance of Notice to Settlement Class Members, determining that the Court will likely be able to approve the Settlement under Federal Rule of Civil Procedure 23(e)(2), and determining that the Court will likely be able to certify the Settlement Class for purposes of judgment, that is consistent with all material provisions of this Settlement Agreement subject to modifications by the Court. Class Counsel will submit a proposed Preliminary Approval Order in conjunction with Plaintiffs' motion for preliminary approval.

2.27    "Proof of Purchase" means a record reflecting the purchase of "Wipes" defined in Paragraph 3.1.

2.28    "Recall and Refund Program" means the reimbursement program implemented by Kimberly-Clark in which Kimberly-Clark issued refund cards to certain purchasers of Wipes which resulted in activated card reimbursements of approximately $4,000,000.

2.29    "Released Claims" means any and all claims or causes of action of every kind and description, including any causes of action in law, claims in equity, complaints, suits or petitions, and any allegations of wrongdoing, demands for legal, equitable or administrative relief (including, but not limited to, any claims for injunction, rescission, reformation, restitution, disgorgement, constructive trust, declaratory relief, compensatory damages, consequential damages, penalties, exemplary damages, punitive damages, attorneys' fees, costs, interest or expenses) that the Releasing Parties had, have or may claim now or in the future to have (including, but not limited to, assigned claims and any and all "Unknown Claims" as defined below) that were or could have been asserted or alleged arising out of the same nucleus of operative facts as any of the claims alleged or asserted in the Action, including but not limited to the facts, transactions, occurrences, events, acts, omissions, or failures to act that were alleged, argued, raised or asserted in any pleading or court filing in the Action, including but not limited to those concerning the purchase or use of Wipes. "Released Claims" do not include personal injury claims related to the purchase or use of Wipes (the "Personal Injury Claims").

2.30    "Request for Exclusion" is the written communication by or on behalf of a Settlement Class Member in which he or she requests to be excluded from the Settlement Class in the form and manner provided for in the Notice.

2.31    "Settlement" means the settlement of the Action by and between the Parties, and the terms and conditions thereof as stated in this Settlement Agreement.

2.32    "Settlement Administrator" means Kroll Settlement Administration, LLC. A different Settlement Administrator may be substituted if proposed by the Parties and approved by order of the Court.

2.33    "Settlement Amount" means the total amount to be paid by Kimberly-Clark to satisfy its monetary obligations under the Settlement, which, subject to Paragraph 2.18 ("Minimum Settlement Amount") and Paragraph 2.17 ("Maximum Settlement Amount"), includes (i) the Amount Payable for Approved Claims and (ii) the amounts to be paid by Kimberly-Clark for

Notice and Administration Expenses; Service Awards; and Fee Award and Costs approved by the Court (collectively, the "Other Obligations"), which together constitute the limit and extent of Kimberly-Clark's monetary obligations with respect to the Settlement.

2.34    "Settlement Class Contact Information" means the contact information for Settlement Class Members provided by third-party retailers to the Settlement Administrator in response to third-party subpoenas served by Class Counsel. The Parties agree to cooperate to obtain all reasonably-available Settlement Class Contact Information, including through the potential enforcement of third-party subpoenas.  The Parties further agree that Settlement Class Contact Information shall be provided only to the Settlement Administrator, not to be viewed by the Parties, and shall be maintained in confidence by the Settlement Administrator.

2.35    "Settlement Class Member" means an individual who falls within the definition of the Settlement Class set forth in Paragraph 3.1.

2.36    "Settlement Class Representatives" means Melissa Armstrong, Roland Nadeau, Karyn Ray, Linda Gordan, Erik Heinrich, Sandra Green, Ruth Bogue, Ann Rader, Karen Zambelli, Susan Hall, Mark Levit, Courtney Conley, Jannet Ray, Tracey Alexander, Adrian Lewis, Mitchell Craven, Daniel Kaplan, Stephen Simpson, Rosetta Turner, Donna Styx, Jamie Chipman, and Dawn Rothfeld.

2.37    "Settlement Fund" means the payments Kimberly-Clark agrees to make to satisfy its monetary obligations under the Settlement.

2.38    "Settlement Payment(s)" means the payment(s) to be made via mailed check and/or electronic payment to Participating Settlement Class Members.

2.39    "Settlement Website" means the website that the Settlement Administrator will establish as soon as practicable following entry of the Preliminary Approval Order, but prior to the mailing of the Notice, as a means for Settlement Class Members to obtain notice of and information about the Settlement and relevant case documents and deadlines. The Settlement Website shall contain relevant documents, including, but not limited to, the Notice, this Agreement, Plaintiffs' motion for preliminary approval of the Settlement, the Preliminary Approval Order, Plaintiffs' Fee Application, and the operative complaint in the Action. The Settlement Website shall also include a toll-free telephone number, e-mail address, and mailing address through which Settlement Class Members may contact the Settlement Administrator directly. The Settlement Website shall not include any advertising and shall remain operational until at least thirty (30) days after all Settlement Payments have been distributed.

2.40    "Taxes and Tax-Related Expenses" means any and all applicable taxes, duties, and similar charges imposed by a government authority (including any estimated taxes, interest or penalties) arising in any jurisdiction, if any, with respect to the income or gains earned by or in respect of the Settlement Fund, including, without limitation, any taxes that may be imposed upon Kimberly-Clark with respect to any income or gains earned by or in respect of the Settlement Fund for any period while it is held in the Settlement Fund.

## 3.  SETTLEMENT CLASS

3.1     For Settlement purposes only, the Parties agree that the Court should certify the following Settlement Class pursuant to Fed. R. Civ. P. 23(b)(3), defined as:

> All persons in the United States and United States territories who purchased recalled lots of Cottonelle Flushable Wipes ("Wipes") between February 7, 2020 and December 31, 2020 for personal use and not for resale, and any persons residing in the same household.

3.2     Excluded from the Settlement Class are: (1) the Court and its officers and employees; (2) Kimberly-Clark, its subsidiaries, parent companies, successors, predecessors, and any entity in which Kimberly-Clark or its parents have a controlling interest and their current or former officers, directors, and employees; (3) Settlement Class Members who submit a valid Request for Exclusion on or before the Opt-Out Deadline.

3.3     For Settlement purposes only, Class Counsel shall seek, and Kimberly-Clark shall not oppose, the appointment of Class Counsel as Settlement Class Counsel and appointment of the persons listed in Paragraph 2.33 as Settlement Class Representatives.

## 4.  SETTLEMENT CLASS NOTICE

4.1     Except as provided for in Paragraph 4.2, the Settlement Administrator shall disseminate Notice to Settlement Class Members by the Notice Deadline. The Settlement Administrator shall disseminate Notice in a manner that complies with due process under the United States Constitution. The Settlement Administrator will provide direct Notice, one time, via email to those Settlement Class Members for whom the Settlement Administrator has obtained contact information through third party subpoenas served by Class Counsel, unless there is evidence the emails were not successfully transmitted (e.g., a percentage of email notices are flagged as spam mail) in which case additional emails can be sent to ensure successful transmission. In the event that email is unavailable, the Settlement Administrator shall send Notice, one time, via regular mail to those Settlement Class Members for whom the Settlement Administrator has obtained contact information through third party subpoenas served by Class Counsel. Notice will also be provided by publication through advertisements in appropriate print and electronic media including social media as agreed to by the Parties through the Claims Deadline. In no event shall Notice be provided through television or radio advertisements or through claim promotion sites (*e.g.,* topclassactions.com).

4.2     Amazon, Inc., is a third-party retailer who received a subpoena from Class Counsel. In or about October 2020, Amazon, Inc. sent emails regarding the recall to consumers it identified as purchasing affected Wipes through Amazon, Inc. Amazon, Inc. will separately provide direct Notice by the Notice Deadline, one time, via email to the email addresses in Amazon's possession associated with consumers that Amazon, Inc. previously identified as purchasing affected Wipes. The notice sent by Amazon will include the following additional disclaimer "Amazon is emailing you because our records indicate that you may have purchased certain Cottonelle-branded products through the Amazon.com store. YOU MAY BE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT. Amazon is not a party to or otherwise involved in the class action lawsuit and is providing this notice only as a courtesy." Within seven (7) days of sending the Notice, Amazon shall provide a declaration to the Parties indicating compliance with this

obligation and setting forth the total number of unique email addresses to whom it sent Notice, and the total number of those emails that were delivered successfully as reported by Amazon's email server.

## 5.  OPT-OUTS AND OBJECTIONS

5.1   **Opt-Outs**. The Notice shall explain the procedure for Settlement Class Members to exclude themselves or "opt-out" of the Settlement by submitting a Request for Exclusion to the Settlement Administrator postmarked no later than forty (40) days after the Notice Date. The Request for Exclusion must include the name of the proceeding, the individual's full name, current address, personal signature, and the words "Request for Exclusion" or a comparable statement that the individual does not wish to participate in the Settlement at the top of the communication. The Notice must state that any Settlement Class Member who does not file a timely Request for Exclusion in accordance with this Paragraph will lose the opportunity to exclude himself or herself from the Settlement and will be bound by the Settlement.  If a Settlement Class Member submits both a Claim Form and an opt-out request, the Claim Form shall take precedence and be considered valid and binding, and the opt-out request shall be deemed to have been sent by mistake and rejected.

5.2   **Objections**. The Notice shall explain the procedure for Settlement Class Members to object to the Settlement or Fee Application by submitting written objections to the Settlement Administrator postmarked no later than forty (40) days after the Notice Date. The written objection must include (i) the name of the proceedings; (ii) the Settlement Class Member's full name, current mailing address, and telephone number; (iii) a statement of the specific grounds for the objection, as well as any documents supporting the objection; (iv) a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (v) the identity of any attorneys representing the objector; (vi) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; and (vii) the signature of the Settlement Class Member or the Settlement Class Member's attorney. The Notice must set forth the time and place of the Final Approval Hearing (subject to change) and state that any Settlement Class Member who does not file a timely and adequate objection in accordance with this Paragraph waives the right to object or to be heard at the Final Approval Hearing and shall be forever barred from making any objection to the Settlement.

## 6.  SETTLEMENT FUND

6.1   **Establishment of Settlement Fund**. The Settlement Amount shall be funded and paid into an account established and administered by the Settlement Administrator at a financial institution agreed upon by the Parties. The Parties agree that the Settlement Fund is intended to be maintained as a qualified settlement fund within the meaning of Treasury Regulation § 1.468 B-1, and that the Settlement Administrator, within the meaning of Treasury Regulation § 1.468 B-2(k)(3), shall be responsible for filing tax returns and any other tax reporting for or in respect of the Settlement Fund and paying from the Settlement Fund any Taxes and Tax-Related Expenses owed with respect to the Settlement Fund. The Parties agree that the Settlement Fund shall be treated as a qualified settlement fund from the earliest date possible and agree to any relation-back election required to treat the Settlement Fund as a qualified settlement fund from the earliest date possible. Any and all funds held in the Settlement Fund shall be held in an interest-bearing account

insured by the Federal Deposit Insurance Corporation. Funds may be placed in a non-interest bearing account as may be reasonably necessary during the check clearing process. The Settlement Administrator shall provide an accounting of any and all funds in the Settlement Fund, including any interest accrued thereon and payments made pursuant to this Agreement, upon request of any of the Parties.

6.2    **Use of the Settlement Fund**. As further described in this Agreement, the Settlement Fund including any interest earned shall be used by the Settlement Administrator to pay for the following: (i) Approved Claims; (ii) Notice and Administrative Expenses; (iii) Service Awards; and (iv) Fee Award and Costs approved by the Court. No amounts may be withdrawn from the Settlement Fund unless expressly authorized by this Agreement or approved by the Court.

6.3    **Custody of Settlement Fund**. The Settlement Fund shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement Fund is distributed pursuant to this Settlement Agreement or the balance returned to those who paid the Settlement Fund in the event this Settlement Agreement is terminated in accordance with Paragraph 10.3.

6.4    **Funding the Settlement**. Within thirty (30) days of the Preliminary Approval Order, Kimberly-Clark shall deposit a minimum of two million dollars ($2,000,000.00) into a Fund that will be used to pay the Minimum Settlement Amount and Notice and Administration Expenses ("Settlement Fund"). Preliminarily, this initial deposit in the fund will be used to pay Notice and Administration Expenses, and may be applied toward the Minimum Settlement Amount only as described below. No later than thirty (30) days from the date of the Final Approval Order and Judgment, Kimberly-Clark shall ensure that all Notice and Administration Expenses (unless otherwise agreed by Kimberly-Clark and the Settlement Administrator), Service Awards, and Fee Award and Costs approved by the Court are paid. As soon as reasonably practicable after all validly submitted Claims have been reviewed and approved or rejected, the Settlement Administrator shall notify the Parties of the total Amount Payable for Approved Claims. No later than thirty (30) days from the date that the Settlement Administrator provides such notice, Kimberly-Clark shall deposit, at a minimum, funds into the Settlement Fund sufficient to satisfy its obligation to pay the Minimum Settlement Amount for Approved Claims, and if the Amount Payable for Approved Claims exceeds the Minimum Settlement Amount, Kimberly-Clark shall deposit funds in the Settlement Fund to satisfy any additional Approved Claims in an amount not to exceed the Maximum Settlement Amount, notwithstanding that there may be a minority of Claims subject to appeal or further determination. If the Amount Payable for Approved Claims is less than the Minimum Settlement Amount, Kimberly-Clark shall receive a credit towards its other obligations: first to Notice and Administration Expenses, and second to the Fee Award and Costs, in which case Kimberly-Clark must fund the Settlement sufficient to satisfy the Amount Payable for Approved Claims and the Minimum Settlement Amount less the applicable credits described herein. If the sum of the Amount Payable for Approved Claims exceeds $13.5 million, then payments to Participating Settlement Class Members shall be reduced pro rata so that the total of all payments for valid Claims under the Settlement Agreement does not exceed the Maximum Settlement Amount. If the Amount Payable for Approved Claims and the cost of Notice and Administration Expenses and the Fee Award and Costs together amount to less than the Minimum Settlement Amount, the Parties will confer and jointly submit a proposal to the Court regarding the proposed distribution of the remaining Settlement Funds.

6.5 **Non-Reversionary**. The Settlement Fund is non-reversionary. As of the Effective Date, all rights of Kimberly-Clark in or to the Settlement Fund shall be extinguished, except in the event this Settlement Agreement is terminated, as described in Paragraph 10.3.

6.6 **Uncashed Checks**. To the extent that a settlement check is not cashed within ninety (90) days after the date of issue, the Settlement Administrator shall undertake the following actions: (1) attempt to contact the Participating Settlement Class Member by e-mail and/or telephone to discuss how to obtain a reissued check; (2) if those efforts are unsuccessful, make reasonable efforts to locate an updated address for the Participating Settlement Class Member using advanced address searches or other reasonable methods. Any reissued settlement checks issued to Participating Settlement Class Members shall remain valid and negotiable for sixty (60) days from the date of their issuance and may thereafter automatically be canceled if not cashed by the Participating Settlement Class Members within that time. To the extent any monies remain in the Settlement Fund more than 150 days after the distribution of settlement payments to the Participating Settlement Class Members, or 30 days after all reissued Settlement Checks are no longer negotiable, whichever occurs later or as otherwise agreed to by the Parties, any remaining monies shall be distributed to a non-profit organization proposed by the Parties and approved by the Court.

6.7 **Deceased Class Members**. If the Settlement Administrator is notified that a Participating Settlement Class Member is deceased, the Settlement Administrator is authorized to reissue the settlement check to the Participating Settlement Class Member's estate or next of kin upon receiving reasonable documentation that the Participating Settlement Class Member is deceased and upon consultation with the Parties.

6.8 **Taxes and Representations**. Taxes and Tax-Related Expenses relating to the Settlement Fund shall be considered Notice and Administrative Expenses and shall be timely paid by the Settlement Administrator out of the Settlement Fund without prior order of the Court. Further, the Settlement Fund shall indemnify and hold harmless the Parties and their counsel for Taxes and Tax-Related Expenses (including, without limitation, taxes payable by reason of any such indemnification payments). Kimberly-Clark shall have no obligation to replenish or refund amounts from the Settlement Fund that are used to satisfy Taxes and Tax-Related Expenses. The Parties and their respective counsel have made no representation or warranty with respect to the tax treatment by any Settlement Class Representative or any Settlement Class Member of any payment or transfer made pursuant to this Agreement or derived from or made pursuant to the Settlement Fund. Each Class Representative and Participating Settlement Class Member shall be solely responsible for the federal, state, and local tax consequences to him, her or it of the receipt of funds from the Settlement Fund pursuant to this Agreement.

## 7.  CLAIM PROCESS

7.1 **Submission of Electronic and Hard Copy Claims**. All Settlement Class Members may submit a Claim to the Settlement Administrator electronically via a claims website or physically by mail to the Settlement Administrator. Claims must be submitted electronically or postmarked during the Claims Period and on or before the Claims Deadline.

7.2    **Claim Form**. Each Claim Form will be assigned a unique identifier that can be used by Participating Settlement Class Members to track their Claims. The Claim Form will contain various anti-fraud provisions used for validation, verification, and allocation of the Settlement benefits subject to review by the Parties. Such anti-fraud provisions shall not be so onerous as to discourage participation by Settlement Class Members.

7.3    **Claim Requirements**. The following requirements apply to Participating Settlement Class Members who submit a Claim:

    a.    Participating Settlement Class Members who submit a valid Claim must sign an attestation that they purchased Wipes from recalled lots. The attestation will state that Settlement Class Members will qualify as a purchaser of recalled lot(s) if they: (1) received a notice from a retailer identifying them as a potential purchaser of recalled lots; (2) verified with Kimberly-Clark that they purchased recalled lot(s); or (3) learned of the recall and discarded Wipes with a good faith belief that they purchased recalled lot(s).

    b.    Participating Settlement Class Members may file only one Claim per Household, and must choose between submitting a Claim with Proof of Purchase or a Claim without Proof of Purchase. If a Claim with Proof of Purchase is deemed insufficient by the Settlement Administrator because of inadequate proof or lack of documentation and is thereafter not corrected, the Settlement Administrator shall treat the claim as a Claim without Proof of Purchase.

    c.    Participating Settlement Class Members that choose to submit a Claim with Proof of Purchase may include multiple purchases in the Claim, so long as there is Proof of Purchase submitted for each purchase.

    d.    If a Participating Settlement Class Member was issued a refund card under the Recall and Refund Program and then activated the refund card, that Participating Settlement Class Member and anyone living in their Household is ineligible to submit a valid Claim under this Settlement Agreement unless they provide proof to the Settlement Administrator that they purchased Wipes for which they did not receive compensation through the Recall and Refund Program.

7.4    **Assessing Claims for Reimbursement**. The Settlement Administrator shall have the sole discretion and authority to determine whether the prerequisites have been met in order to award Settlement Payment(s) to Participating Class Members; however, the Settlement Administrator may consult with Class Counsel in making individual determinations. The Settlement Administrator's decision as to the validity of a submitted Claim shall be final. The Settlement Administrator is authorized to contact any Settlement Class Member (by email, telephone, or U.S. mail) to seek clarification regarding a submitted Claim prior to determining its validity. The Settlement Administrator may employ other measures of its choosing to minimize waste, fraud, and abuse, in consultation with the parties.

7.5      **Individual Caps**. Participating Settlement Class Members who submit timely and valid Claims will be eligible for Settlement Payments as follows (subject to pro rata reduction as described in Section 6):

     a.  Participating Settlement Class Members who submit a valid Claim <u>without</u> Proof of Purchase are eligible for reimbursement of up to five dollars ($5.00) per household.

     b.  Participating Settlement Class Members who submit a valid Claim <u>with</u> Proof of Purchase are eligible for reimbursement up to a maximum of one hundred percent (100%) of the amount for which they provide Proof of Purchase.

## 8.  DUTIES OF THE SETTLEMENT ADMINISTRATOR

8.1      The Settlement Administrator shall perform the functions and duties necessary to effectuate the Settlement and as specified in this Agreement, including, but not limited to, the following:

     a.  Creating, administering, and overseeing the Settlement Fund;

     b.  Obtaining the Settlement Class Contact Information for the purpose of disseminating Notice to Settlement Class Members;

     c.  Providing Notice to Settlement Class Members via U.S. mail and e-mail as specified in Paragraph 4.1;

     d.  Establishing and maintaining the Settlement Website;

     e.  Establishing and maintaining a toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries (without live operators), and answering the questions of Settlement Class Members who call with or otherwise communicate such inquiries within two (2) business days absent exigent circumstances;

     f.  Responding to any mailed or emailed Settlement Class Member inquiries within two (2) business days absent exigent circumstances;

     g.  Reviewing, determining the validity of, and processing all Claims submitted by Settlement Class Members;

     h.  Receiving Requests for Exclusion and objections from Settlement Class Members and providing Class Counsel and Kimberly-Clark's Counsel a copy thereof no later than three (3) days following the deadline for submission of the same. If the Settlement Administrator receives any Requests for Exclusion, objections, or other requests from Settlement Class Members after the Opt-Out and Objection Deadlines, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and to Kimberly-Clark's Counsel;

    i.    Processing and transmitting Settlement Payments to Participating Settlement Class Members;

    j.    Providing weekly or other periodic reports to Class Counsel and Kimberly-Clark's Counsel that include information regarding the number of Settlement Checks mailed and delivered, Settlement Checks cashed, undeliverable information, and any other requested information relating to Settlement Payments. The Settlement Administrator shall also, as requested by Class Counsel or Kimberly-Clark's Counsel and from time to time, provide the amounts remaining in the Settlement Fund;

    k.    In advance of the Final Approval Hearing, preparing a sworn declaration to submit to the Court that: (i) attests to implementation of Notice in accordance with the Preliminary Approval Order; and (ii) identifies each Settlement Class Member who timely and properly submitted a Request for Exclusion; and

    l.    Performing any function related to Settlement administration at the agreed-upon instruction of Class Counsel or Kimberly-Clark's Counsel, including, but not limited to, verifying that Settlement Payments have been distributed.

8.2    The scope of the Settlement Administrator's services may be expanded by the Parties if the Parties agree such action is necessary to successfully provide Notice and/or administer the Settlement.

8.3    **Limitation of Liability**. The Parties, Class Counsel, and Kimberly-Clark's Counsel shall not have any liability whatsoever with respect to (i) any act, omission or determination of the Settlement Administrator, or any of its respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes and Tax-Related Expenses.

8.4    **Indemnification**. The Settlement Administrator shall indemnify and hold harmless the Parties, Class Counsel, and Kimberly-Clark's Counsel for (i) any act or omission or determination of the Settlement Administrator, or any of Settlement Administrator's designees or agents, in connection with the Notice Plan and the administration of the Settlement; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes and Tax-Related Expenses.

## 9.   PRELIMINARY APPROVAL, FINAL APPROVAL, AND JURISDICTION

9.1     **Certification of the Settlement Class**. For purposes of this Settlement only, the Parties stipulate to the certification of the Settlement Class, which is contingent upon the Court entering the Final Approval Order and Judgment of this Settlement and the occurrence of the Effective Date.

9.2     **Preliminary Approval**. Following execution of this Agreement, Class Counsel shall file an amended motion for preliminary approval of the settlement as soon as practicable, but no later than 30 days following execution of this Agreement.

9.3     **Final Approval**. Class Counsel shall move the Court for a Final Approval Order and Judgment of this Settlement, to be issued following the Final Approval Hearing; within a reasonable time after the Notice Deadline, Objection Deadline, and Opt-Out Deadline; and at least 90 days after Kimberly-Clark notifies the appropriate government officials of this Settlement Agreement pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

9.4     **Jurisdiction**. The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction with respect to the administration, consummation and enforcement of the Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice and the Settlement Administrator. As part of its agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose.

## 10.  MODIFICATION AND TERMINATION

10.1    **Modification by the Parties**. The terms and provisions of this Agreement may be amended, modified, or expanded by written agreement of the Parties and approval of the Court; provided, however, that, after entry of the Preliminary Approval Order, the Parties may make non-material changes to the Settlement Agreement and exhibits (for example fixing typos or making non-substantive changes for consistency) without further notice to the Settlement Class or approval by the Court so long as such changes are consistent with the Court's Preliminary Approval Order and do not materially alter, reduce, or limit the rights of Settlement Class Members under this Agreement.

10.2    **Modification by the Court**. If the final Settlement Agreement or any material part of it is modified by the Court or is materially modified on appeal or remand, any Party may terminate the Settlement. For purposes of this paragraph, a "material modification" is one that significantly alters the rights or obligations of one or more of the Parties. Without limiting the foregoing and by way of illustration only, material modifications include but are not limited to: (1) any change to the scope of the Released Claims or Settlement Class; (2) any increase in the cost of the Settlement to be borne by Kimberly-Clark: (3) any non-trivial change to the benefit, Class Notice, Claim Form, notice plan set forth in Paragraph 4.1, or Claims Process. No order or action

of the Court pertaining to attorneys' fees or expenses shall be considered to constitute a modification so long as such order, action, or modification does not increase the cost of Settlement to be borne by Kimberly-Clark. The Parties agree that the denial, downward modification, or failure to grant the request for attorneys' fees or expenses or the request for Class Representative Payment shall not constitute grounds for modification or termination of the Settlement Agreement.

10.3     **Termination**. The Parties shall have the right to terminate the Settlement by providing written notice of their election to do so to the other Party if: (a) the Court declines to enter the Preliminary Approval Order or in the event of any "material modification" of the Settlement Agreement as described in Paragraph 10.2 above; (b) the Court refuses to approve the Settlement or any material part thereof; (c) the Court declines to enter the Final Approval Order or makes material changes thereto; (d) the Final Approval Order is vacated, modified, or reversed in any material respect; or (e) the Effective Date otherwise does not occur.

10.4     **Effect of Termination**. In the event of a termination as provided in Paragraph 10.3, this Agreement and the Settlement shall be considered null and void; all of the Parties' obligations under the Agreement shall cease to be of any force and effect and the Parties shall return to the status quo ante in the Action as if the Parties had not entered into this Agreement or the Settlement. In addition, in the event of such a termination, all of the Parties' respective pre-Settlement claims and defenses will be preserved.

## 11. <u>RELEASES</u>

11.1     **The Release**. Upon the Effective Date, and in consideration of the Settlement benefits described here, each of the Settlement Class Representatives and Participating Settlement Class Members, and each of their respective heirs, executors, administrators, representatives, agents, partners, successors, attorneys, and assigns (the "Releasing Parties") shall be deemed to have released and acquitted, and forever discharged any and all Released Claims against Kimberly-Clark and its present and former predecessors, successors, assigns, parents, subsidiaries, divisions, affiliates, departments, and any and all of their past, present, and future officers, directors, employees, stockholders, partners, servants, agents, successors, attorneys, advisors, consultants, representatives, insurers, reinsurers, subrogees and the predecessors, successors, and assigns of any of the foregoing (the "Released Parties").

11.2     **Exclusion of Personal Injury Claims**. The Released Claims do not include Personal Injury claims. Personal Injury Claims are not being released as part of this Settlement Agreement.

11.3     **Unknown Claims**. The Released Claims include the release of Unknown Claims. "Unknown Claims" means claims that could have been raised in the Action and that any of the Settlement Class Representatives or Participating Settlement Class Members, and each of their respective heirs, executors, administrators, representatives, agents, partners, successors, attorneys, and assigns does not know or suspect to exist, which, if known by him, her or it, might affect his, her or its agreement to release Kimberly-Clark and its present and former predecessors, successors, assigns, parents, subsidiaries, divisions, affiliates, departments, and any and all of their past, present, and future officers, directors, employees, stockholders, partners, servants, agents, successors, attorneys, advisors, consultants, representatives, insurers, reinsurers, subrogees and the

predecessors, successors, and assigns of any of the foregoing or the Released Claims or might affect his, her or its decision to agree, object or not to object to the Settlement. Upon the Effective Date, the Settlement Class Representatives and Participating Settlement Class Members, and each of their respective heirs, executors, administrators, representatives, agents, partners, successors, attorneys, and assigns shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Upon the Effective Date, each of the Settlement Class Representatives and Participating Settlement Class Members, and each of their respective heirs, executors, administrators, representatives, agents, partners, successors, attorneys, and assigns s shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state, the District of Columbia or territory of the United States, by federal law, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to Section 1542 of the California Civil Code. The Settlement Class Representatives and Participating Settlement Class Members, and each of their respective heirs, executors, administrators, representatives, agents, partners, successors, attorneys, and assigns acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Release, but that it is their intention to finally and forever settle and release the Released Claims, including but not limited to any Unknown Claims they may have, as that term is defined in this Paragraph.

11.4   **Release of Class Representatives and Class Counsel**. Upon the Effective Date, Kimberly-Clark and its representatives, officers, agents, directors, affiliates, employees, insurers, and attorneys shall be deemed to have released, acquitted, and forever discharged the Settlement Class Representatives and Class Counsel from any and all claims or causes of action of every kind and description, including any causes of action in law, claims in equity, complaints, suits or petitions, and any allegations of wrongdoing, demands for legal, equitable or administrative relief (including, but not limited to, any claims for injunction, rescission, reformation, restitution, disgorgement, constructive trust, declaratory relief, compensatory damages, consequential damages, penalties, exemplary damages, punitive damages, attorneys' fees, costs, interest or expenses), whether known or unknown, that arise out of, are based upon, or relate to prosecution of the Action, the Settlement Agreement, or the Settlement claims process (provided, however, that this release and discharge shall not include claims relating to the enforcement of the terms of the Settlement or this Agreement).

11.5   **Bar to Future Suits**. Upon entry of the Final Approval Order and Judgment, the Settlement Class Representatives and other Settlement Class Members shall be enjoined from prosecuting any claim they have released in the preceding paragraphs in any proceeding against any of the Released Parties or based on any actions taken by any of the Released Parties that are

authorized or required by this Agreement or by the Final Approval Order. Likewise, Kimberly-Clark and its representatives, officers, agents, directors, affiliates, employees, insurers, and attorneys shall be enjoined from prosecuting any claim they have released in the preceding paragraphs in any proceeding against Settlement Class Representatives and Class Counsel or based on any actions taken by Settlement Class Representatives and Class Counsel that are authorized or required by this Agreement or by the Final Approval Order. It is further agreed that the Settlement may be pleaded as a complete defense to any proceeding subject to this section.

## 12. ATTORNEYS' FEES, COSTS, EXPENSES, AND SERVICE AWARDS

12.1    **Service Awards**. Class Counsel will ask the Court to approve, and Kimberly-Clark will not oppose, service awards not to exceed $2,500 for each Settlement Class Representative, which are intended to compensate such individuals for their efforts in the litigation and commitment on behalf of the Settlement Class ("Service Awards"). Any Service Awards approved by the Court will count toward the Minimum Settlement Amount, however, if Approved Claims exceed the Maximum Settlement Amount, Service Awards will not count toward the Maximum Settlement Amount. Service Awards shall be paid per section 6.4 above. Neither Class Counsel's application for, nor any individual's entitlement to, a Service Award shall be conditioned in any way upon such individual's support for this Agreement.

12.2    **Attorneys' Fees and Costs and Expenses**.  At least twenty-one (21) days before the Opt-Out and Objection Deadlines, Class Counsel will file a Fee Application for an award of attorneys' fees and Litigation Costs and Expenses in an amount not to exceed $3,650,000.00. Prior to the disbursement or payment of the Fee Award and Costs under this Agreement, Class Counsel shall provide to Kimberly-Clark a properly completed and duly executed IRS Forms W-9 from each of their firms. Fee Award and Costs shall be paid per paragraph 6.4 above.

## 13. NO ADMISSION OF LIABILITY

13.1    **No Admission of Liability**. The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties either previously or in connection with the negotiations or proceedings connected with this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgement or admission by any party of any fault, liability, or wrongdoing of any kind whatsoever.  Kimberly-Clark expressly denies the allegations of the Amended Complaint.  Neither this Settlement Agreement, nor the fact of settlement, nor the settlement proceedings, nor settlement negotiations, nor any related document, shall be used as an admission of any fault or omission by the Parties, or be offered or received in evidence as an admission, concession, presumption, or inference of any wrongdoing by the Parties, other than such proceedings as may be necessary to consummate, interpret, or enforce this Agreement.

## 14. MISCELLANEOUS

14.1    **Integration of Exhibits**. The exhibits to this Agreement and any exhibits thereto are a material part of this Settlement and are incorporated and made a part of the Agreement.

14.2    **Entire Agreement**. This Agreement, including all exhibits hereto, shall constitute the entire Agreement among the Parties with regard to the subject matter hereof and shall supersede

any previous agreements, representations, communications and understandings among the Parties, including but not limited to the binding term sheet that preceded this Agreement. This Agreement may not be changed, modified, or amended except in writing signed by all Parties, subject to Court approval. The Parties contemplate that, subject to Court approval or without such approval where legally permissible, the exhibits to this Agreement may be modified by subsequent Agreement of counsel for the Parties prior to dissemination of the Settlement Class Notice to the Settlement Class.

14.3   **Deadlines**. If any of the dates or deadlines specified herein falls on a weekend or legal holiday, the applicable date or deadline shall fall on the next business day. All reference to "days" in this Agreement shall refer to calendar days unless otherwise specific.

14.4   **Construction**. For the purpose of construing or interpreting this Agreement, the Parties agree that this Agreement is to be deemed to have been drafted equally by all Parties hereto and shall not be construed strictly for or against any Party.

14.5   **Cooperation of Parties**. The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, to seek Court approval, defend Court approval, and to do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

14.6   **Public Statements**. Settlement Class Representatives and Class Counsel agree not to making disparaging public statements about Kimberly-Clark, the Wipes, and/or Kimberly-Clark's Counsel. Plaintiffs and Class Counsel are free to: (i) respond in a truthful and non-disparaging manner to inquiries regarding the Action or Settlement from Settlement Class Members; (ii) state that they served as legal counsel in this Action and reference the terms and amount of the Settlement on their firm's website, biographies, or similar marketing materials, and in connection with future applications to serve as interim-class or lead counsel, or as otherwise required by law. Kimberly-Clark and Kimberly-Clark's Counsel agree not to make disparaging public statements about Settlement Class Representatives, Class Counsel, or the Settlement.

14.7   **Governing Law**. The Agreement shall be construed in accordance with, and be governed by, the laws of the State of Texas, without regard to the principles thereof regarding choice of law.

14.8   **Headings**. Any headings contained herein are for informational purposes only and do not constitute a substantive part of this Agreement. In the event of a dispute concerning the terms and conditions of this Agreement, the headings shall be disregarded.

14.9   **Counterparts**. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all signatories do not sign the same counterparts. Original signatures are not required. Any signature submitted electronically through email of an Adobe PDF shall be deemed an original.

14.10   **Notices**. All notices to Class Counsel provided for herein, shall be sent by overnight mail and email:

J. Austin Moore
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
moore@stuevesiegel.com

Joshua L. Hedrick
**HEDRICK KRING BAILEY PLLC**
1700 Pacific Avenue, Suite 4650
Dallas, Texas 75201
josh@hedrickkring.com

Michael R. Reese
**REESE LLP**
100 west 93rd Street, 16th Floor
New York, New York 10025
mreese@reesellp.com

Jordan S. Palatiello
**LEWIS JOHS AVALLONE AVILES, LLP**
One CA Plaza, Suite 225
Islandia, New York 11749
jspalatiello@lewisjohs.com

All notices to Kimberly-Clark provided for herein, shall be sent by overnight mail and email to:

Heather L. Richardson
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, California 90071
hrichardson@gibsondunn.com

The notice recipients and addresses designated above may be changed by written notice.

14.11   **Severability**. Should any part, term, or provision of this Agreement be declared or determined by any court or tribunal to be illegal or invalid, the Parties agree that the Court may modify such provision to the extent necessary to make it valid, legal, and enforceable. In any event, such provision shall be separable and shall not limit or affect the validity, legality, or enforceability of any other provision hereunder.

14.12   **Authority**. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf her or she signs this Agreement to all of the terms and provisions of this Agreement.

## **EXHIBITS**

- [1] Long Form Claim Notice

- [2] Short Form Claim Notice

- [3] Claim Form

[SIGNATURES ON FOLLOWING PAGE]

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed by themselves or by their duly authorized counsel:

Name: J. Austin Moore

Date: 9/22/2023

*Counsel for Plaintiffs and the Settlement Class*

Name: Heather L. Richardson

Date: 9/22/2023

*Counsel for Kimberly-Clark Corporation*

21

# Exhibit 1

(Long-Form Notice)

# <u>NOTICE OF PROPOSED CLASS ACTION SETTLEMENT</u>

*Armstrong et al., v. Kimberly-Clark Corp.*, Case No. 3:20-cv-3150
United States District Court for the Northern District of Texas

*__The United States District Court for the Northern District of Texas authorized this Notice. You are not being sued. This is not a solicitation from a lawyer.__*

## If you purchased recalled lots of Cottonelle Flushable Wipes between February 7, 2020 and December 31, 2020 in the United States or United States territories, for personal use and not for resale, you may be eligible for a cash payment from a Class Action Settlement.

- A federal judge has given preliminary approval to a class action settlement. Kimberly-Clark Corporation ("Kimberly-Clark" or "Defendant") has agreed to pay up to $13.5 million to pay claims arising out of the sale of recalled lots of Cottonelle Flushable Wipes between February 7, 2020 and December 31, 2020 ("Cottonelle Flushable Wipes").

- **READ THIS NOTICE CAREFULLY BECAUSE IT AFFECTS YOUR RIGHTS.**

- You are included in the Settlement if you purchased recalled lots Cottonelle Flushable Wipes for personal use between February 7, 2020 and December 31, 2020 in the U.S. or U.S. territories.

- The proposed Settlement reimburses Settlement Class Members for money spent on Cottonelle Flushable Wipes between February 7, 2020 and December 31, 2020. <u>This Settlement does not include personal injury claims and does not release those claims</u>.

- If you previously received a refund from Kimberly-Clark, you may not be eligible for payment under this Class Action Settlement.

- **Settlement Class Members must submit a Claim Form to be eligible for payment**. Settlement Class Members that submit a valid Claim Form by [**DEADLINE**] are eligible to receive either:

    * A payment of up to 100% of the amount spent on eligible Cottonelle Flushable Wipes (if you provide proof of purchase); *or*

    * A payment of up to $5.00 per household (if you do not provide proof of purchase).

    * If the amount payable for valid claims under this settlement exceeds $13.5 million, payments for Settlement Class Members will be reduced *pro rata* so that the total of all payments for valid claims does not exceed $13.5 million.  $4

million was already paid under a separate refund process administered by Kimberly-Clark.

- The Court still has to decide whether to approve the Settlement. No payments will be made until after the Court grants final approval of the Settlement and all appeals, if any, are resolved.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | DEADLINE |
|---|---|---|
| **SUBMIT A CLAIM FORM** | To be eligible for a cash payment from this Settlement, you **must** submit a Claim Form no later than [**DEADLINE**].<br><br>You can submit your Claim Form online at [**WEBSITE**] or download the Claim Form from the Settlement Website and mail it to the Settlement Administrator.<br><br>For more information see **Questions 7-10.** | _____, **2023** |
| **OPT OUT OF THE SETTLEMENT** | You can choose to opt out of the Settlement and receive no payment. You will receive **no** money but you keep the right to sue Defendant separately.<br><br>For more information see **Question 16.** | _____, **2023** |
| **OBJECT TO THE SETTLEMENT AND/OR ATTEND A HEARING** | If you do not opt out of the Settlement, you may object to it by writing to the Settlement Administrator about why you think the Settlement should not be approved. If you object, you may still file a claim for payment.<br><br>For more information see **Question 17.** | _____, **2023** |
| **DO NOTHING** | You are automatically part of the Settlement (unless you opt out). If you do nothing, you will not get a payment from this Settlement and you will give up the right to sue, continue to sue, or be part of another lawsuit against the Defendant related to the legal claims resolved by this Settlement. | |

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION ......................................................................................... 3

WHO IS IN THE SETTLEMENT ........................................................................... 4

THE SETTLEMENT BENEFITS .......................................................................... 4

HOW TO GET A PAYMENT—MAKING A CLAIM ............................................... 5

THE LAWYERS REPRESENTING YOU .............................................................. 7

OPTING OUT OF THE SETTLEMENT ................................................................ 8

QUESTIONS? CALL [NUMBER] TOLL-FREE OR VISIT [WEBSITE].

**COMMENTING ON OR OBJECTING TO THE SETTLEMENT** ............................................ 9

**THE COURT'S FINAL APPROVAL HEARING** ................................................. 10

**IF I DO NOTHING** ............................................................................ 9

**GETTING MORE INFORMATION** ......................................................... 9

## BASIC INFORMATION

### 1. Why did I get this Notice?

A federal court authorized this Notice because you have a right to know about the proposed Settlement of this class action lawsuit, and about your options, before the Court decides whether to approve the Settlement. This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, and how to get them.

### 2. What is this class action lawsuit about?

In October 2020, Kimberly-Clark Corporation, the manufacturer of toilet paper brand Cottonelle, initiated a recall of certain lots of Cottonelle Flushable Wipe products manufactured between February 7, 2020 and September 14, 2020 after detecting the bacterium *Pluralibacter gergoviae* during product testing. The lawsuit seeks refunds for consumers in the United States and United States territories who purchased these products.

The Honorable Judge Barbara Lynn of the United States District Court for the Northern District of Texas is overseeing this class action. The case is called *Armstrong et al., v. Kimberly-Clark Corporation*, Case No. 3:20-CV-3150 (N.D. Tex.). The people that filed this lawsuit are called the "Plaintiffs" and the company they sued, Kimberly-Clark Corporation, is called the "Defendant." The most recent version of the lawsuit, which describes the specific legal claims alleged by the Plaintiffs is available at [**WEBSITE**].

For information on how to determine if you are a Settlement Class Member, and therefore eligible for benefits under this Settlement, *see* Question 5.

### 3. What is a class action lawsuit?

In a class action, one or more individuals sue on behalf of other people with similar claims. These individuals are known as "class representatives." Together, the people included in the class action are called a "class" or "class members." One court resolves the lawsuit for all class members, except for those who opt out from a settlement. In this Settlement, the Settlement Class Representatives are listed in the Complaint, which can be found at [**WEBSITE**].

### 4. Why is there a Settlement?

The Court did not decide in favor of Plaintiffs or Defendant. Instead, Plaintiffs and Defendant agreed to a Settlement after a lengthy negotiation process overseen by a neutral mediator. Settlements avoid the costs and risks of a trial, while more quickly providing benefits to Settlement Class Members. The Settlement Class Representatives and the attorneys for the Settlement Class ("Class Counsel," *see* Question 13), think the Settlement is in the best interest of all Settlement Class Members.

## WHO IS IN THE SETTLEMENT?

### 5. Who is in the Settlement?

A copy of this Notice was sent via electronic and/or direct mail to all purchasers who may have purchased products whose mailing and/or electronic email addresses could be located. You are a part of this Settlement as a Settlement Class Member if you fit the following description:

> All persons in the United States and United States territories who purchased recalled lots of Cottonelle Flushable Wipes between February 7, 2020 and December 31, 2020, for personal use and not for resale, and any persons residing in the same household.

If you are not sure whether you are included in the Settlement Class, you can ask for free help by emailing the Settlement Administrator at [**EMAIL**] or calling the Settlement Administrator at [**NUMBER**]. You may also view the Settlement Agreement at [**WEBSITE**].

### 6. Are there exceptions to being included?

Yes. The Settlement Class does not include: (1) the Court and its officers and employees; (2) Kimberly-Clark, its subsidiaries, parent companies, successors, predecessors, and any entity in which Kimberly-Clark or its parents have a controlling interest and their current or former officers, directors, and employees; (3) Settlement Class Members who submit a valid request for exclusion on or before the Opt-Out Deadline (*see* Question 16).

## THE SETTLEMENT BENEFITS

### 7. What does the Settlement provide?

If the Settlement is approved by the Court, Defendant will pay a minimum of six million dollars ($6,000,000.00) and a maximum of thirteen million five hundred thousand dollars ($13,500,000.00) to pay valid claims submitted by Settlement Class Members. Four million dollars ($4,000,000.00) was already paid under a separate refund process administered by Kimberly-Clark.

Defendant will also pay notice and administration expenses, attorney fees, costs and expenses, and service awards for the Settlement Class Representatives. These payments

will have no impact on the Settlement benefits available to the Settlement Class, but if valid claims are less than $6,000,000, Defendant will receive a credit towards its other obligations under the settlement, including costs of notice, settlement administration, and attorneys' fees and expenses.

## 8. How much will my payment be?

The amount of payment will depend on whether you submit a Claim Form <u>with</u> proof of purchase, or <u>without</u> proof of purchase. **You must submit a Claim Form to be eligible for payment**.

If you submit a Claim Form <u>with</u> proof of purchase, you are eligible for reimbursement up to 100% of the amount for which you provide proof of purchase.

If you submit a Claim Form <u>without</u> proof of purchase, you are eligible for reimbursement of up to five dollars ($5.00) per household.

If the amount payable for valid new claims submitted under this settlement agreement exceeds $13.5 million, payments for Settlement Class Members will be reduced *pro rata* so that the total of all payments for valid claims does not exceed $13.5 million. $4 million was already paid under a separate refund process administered by Kimberly-Clark.

*See* **Question 10** for details on how to submit a valid Claim Form. The Settlement Administrator will decide if your claim is valid. Only timely and valid claims will be paid.

## 9. What claims am I releasing if I stay in the Settlement Class?

Unless you opt out of the Settlement, you are staying in the Settlement Class, and that means you cannot sue, continue to sue, or be part of any other lawsuit against the Defendant about any of the legal claims this Settlement resolves. It also means that the Court's orders relating to this Settlement will apply to you and legally bind you. You will be bound by the "Released Claims" section in the Settlement Agreement, which describes the legal claims that you give up if you remain in the Settlement Class. "Released Claims" do not include personal injury claims related to the purchase or use of Cottonelle Flushable Wipes. To review the Settlement Agreement, visit **[WEBSITE].**

### HOW TO GET A PAYMENT—MAKING A CLAIM

## 10. How do I submit a claim and get a cash payment?

**You must submit a Claim Form to be eligible for payment**. You may submit a Claim Form online at [**WEBSITE**] or print out the Claim Form from the website and mail it to the Settlement Administrator at [**ADDRESS**].

**You may only submit one Claim Form per household**. "Household" means all individuals who resided at one physical address at any time between February 7, 2020 and the present. Thus, you must choose between submitting a Claim Form <u>with</u> proof of purchase or submitting a Claim Form <u>without</u> proof of purchase—you may not choose both.

> If you submit a Claim Form <u>with</u> proof of purchase, you are eligible for reimbursement up to 100% of the amount for which you provide proof of purchase. If you submit a Claim Form <u>with</u> proof of purchase, you may include multiple purchases in the Claim Form, so long as you provide proof for each purchase.

> If you submit a Claim Form <u>without</u> proof of purchase, you are eligible for reimbursement of up to five dollars ($5.00) per household.

When you submit your Claim Form, you will be required to sign an attestation that you, or a person residing in your household, purchased eligible recalled lots of Cottonelle Flushable Wipes. You are presumed to be a purchaser of recalled lot(s) if you: (1) received a notice from a retailer identifying you as a potential purchaser of recalled lots; (2) verified with Kimberly-Clark that you purchased recalled lot(s); or (3) learned of the recall and discarded Wipes with a good faith belief that you purchased recalled lot(s). You must also attest you have not already been reimbursed by Kimberly-Clark for the purchase of the same Cottonelle Flushable Wipes for which you are submitting a claim.

If you were issued a refund card under Defendant's recall and refund program (announced in October 2020), and then activated that refund card, then you and your household are not eligible for payment under the Settlement, ***unless*** you provide proof that you purchased eligible Cottonelle Flushable Wipes for which you did not receive compensation through the recall and refund program.

All Claim Forms must be completed, signed, and submitted online or postmarked on or before [**CLAIMS DEADLINE**]. The Settlement Administrator will decide if your claim is valid. Only timely and valid claims will be paid.

| **11. What is the deadline for submitting a claim?** |
| --- |

If you submit a Claim Form online, you must do so by **11:59 p.m. CT on** [**CLAIMS DEADLINE**].

If you submit a Claim Form by U.S. mail, the completed and signed Claim Form must be postmarked by [**CLAIMS DEADLINE**].

| **12. When will I get my payment?** |
| --- |

Settlement payments will be distributed as soon as possible if the Court grants final approval of the Settlement and after any appeals are resolved.

The Court will hold a hearing on [**DATE**], referred to as a "Final Approval Hearing." *See* Question 19. After the hearing, the Court will decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals. It is always uncertain whether appeals will be filed and how long it will take to resolve them.

## THE LAWYERS REPRESENTING YOU

### 13. Do I have a lawyer in the case?

Yes. The Court has appointed the following attorneys to represent the Settlement Class as Class Counsel:

J. Austin Moore
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112

Joshua L. Hedrick
**HEDRICK KRING BAILEY PLLC**
1700 Pacific Avenue, Suite 4650
Dallas, Texas 75201

Michael R. Reese
**REESE LLP**
100 West 93rd Street, 16th Floor
New York, New York 10025

Jordan S. Palatiello
**LEWIS JOHS AVALLONE AVILES, LLP**
One Ca Plaza, Suite 225
Islandia, New York 11749

You will not be charged for their services.

If you have questions about making a claim, please contact the Settlement Administrator. *See* Question 22.

### 14. Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel works for you. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 15. How will the lawyers be paid?

Class Counsel has undertaken this case on a contingency-fee basis. This means Class Counsel has paid for all of the expenses in the case, and have not been paid any money in relation to their work on this case.

Class Counsel will ask the Court to award them three million six hundred fifty thousand dollars ($3,650,000.00) for attorneys' fees and reimbursement for costs and expenses, to be paid separately by the Defendant. The Court will decide the amount of attorney fees and costs and expenses to be paid. You will not have to separately pay any portion of these fees yourself. Class Counsel's request for attorney fees, costs and expenses (which must be approved by the Court) will be filed on [**INSERT DATE**] and will be available to view on the Settlement website at [**INSERT WEBSITE**]. Any amount approved by the Court will have no impact on the settlement benefits available to the Settlement Class.

Class Counsel will also ask the Court to approve a service award of two thousand five hundred dollars ($2,500.00) for each of the Settlement Class Representatives. This amount will have to be approved by the Court. Payments of service awards will count towards Kimberly-Clark's obligation to pay a minimum of $6 million unless valid claims exceed $13.5 million.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 16. How do I opt out of the Settlement?

If you do not want to receive any benefits from the Settlement, and you want to keep your right, if any, to separately sue the Defendant about the legal issues in this case, you must take steps to exclude yourself from the Settlement Class. This is called "opting out" of the Settlement Class. The deadline for requesting exclusion from the Settlement is **[DEADLINE]**.

To exclude yourself from the Settlement, you must submit a letter requesting exclusion to the Settlement Administrator. ***You must sign the letter personally***. The signature of your attorney representing you in this matter will **not** be accepted by the Court. Each Settlement Class Member must sign his or her own request for exclusion.

The letter must contain the following information:

(1) The name of this lawsuit: *Armstrong, et al., v. Kimberly-Clark Corp.*, No. 3:20-cv-3150-M (N.D. Tex.);
(2) Your full name and current address;
(3) Your personal signature;
(4) The words "Request for Exclusion," or a statement clearly indicating your intent to be excluded from the Settlement, at the top of the letter.

Your letter **must** be postmarked no later than [**DEADLINE**]. Send the letter to:

> Kroll Settlement Administration LLC
> Attn: Request for Exclusion
> [**ADDRESS**]

**If you do not submit a request for exclusion by [DEADLINE], you will lose the opportunity to exclude yourself from the Settlement, and you will be bound by the Settlement.**

If you exclude yourself, you are stating to the Court that you do not want to be part of the Settlement. You will not be eligible to receive a payment if you exclude yourself.

### OBJECTING TO THE SETTLEMENT

| **17. How do I tell the Court if I like or do not like the Settlement?** |
| --- |

If you are a Settlement Class Member, you can object to the Settlement if you don't like any part of it, including the requests being made by Class Counsel for attorney fees, costs and expenses or the service awards being sought for Class Representatives. You can give reasons why you think the Court should not approve the Settlement or what you do not like about the Settlement. The Court will consider your views.

You can't ask the Court to order a different settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no settlement payments will be sent out, and the lawsuit will continue. If that is what you want to happen, you should object.

To object, you must submit a written objection to the Settlement Administrator, postmarked no later than [**DEADLINE**].

Your objection must include:

(i)     the name of this lawsuit: *Armstrong, et al., v. Kimberly-Clark Corp.*, No. 3:20-cv-3150-M (N.D. Tex.);
(ii)    Your full name, current mailing address, and telephone number;
(iii)   A statement of the specific grounds for the objection, as well as any documents supporting the objection;
(iv)    A statement as to whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire class;
(v)     The identity of any attorneys representing you with respect to your objection;
(vi)    A statement regarding whether you intend to appear at the Final Approval Hearing;
(vii)   You or your attorney's signature.

The Court will hold the Final Approval Hearing on [**FFH DATE/TIME/LOCATION**]. *See* Question 19. The date or time of the Final Approval Hearing may change. Please check the Settlement Website [**WEBSITE**], for any updates, and to find out whether the Final Approval Hearing will be held in person or by video conference.

**If you do not file a timely objection consistent with these instructions, you waive the right to object or to be heard at the Final Approval Hearing, and will be forever barred from making any objection to the Settlement.**

## 18. What is the difference between objecting and excluding?

Objecting is telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you do not exclude yourself from the Settlement. Excluding yourself from the Settlement is opting out and stating to the Court that you do not want to be part of the Settlement. If you opt out of the Settlement, you cannot object to it because the Settlement no longer affects you.

### THE COURT'S FINAL APPROVAL HEARING

## 19. When is the Court's Final Approval Hearing?

The Court has scheduled a Final Approval Hearing at [**TIME**] on [**DATE**] at [**LOCATION**].

At the Final Approval Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will also consider whether to approve Class Counsel's request for an award of attorney fees, costs and expenses, as well as the Settlement Class Representatives' service awards. If there are objections, the Court will consider them. Judge Lynn will listen to people who have asked to speak at the hearing (see **Question 17** above). After the hearing, the Court will decide whether to approve the Settlement.

The briefs and declarations in support of the Final Approval of the Settlement and the requests described above will be posted on the Settlement Website, [**WEBSITE**].

The date or time of the Final Approval Hearing may change. Please check the Settlement Website [**WEBSITE**], for any updates, and to find out whether the Final Approval Hearing will be held in person or by video conference.

## 20. Do I have to come to the Final Approval Hearing?

No. Class Counsel will answer any questions the Court may have. You may attend at your own expense if you wish. If you file an objection, you do not have to come to the Final Approval Hearing to talk about it. If you file your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but such attendance is not necessary for the Court to consider an objection that was filed on time.

### IF I DO NOTHING

## 21. What happens if I do nothing at all?

If you are a Settlement Class Member and you do nothing, you will give up the rights explained in **Question 9**, including your right to start a lawsuit, continue a lawsuit, or be part of any other lawsuit against the Defendant and the Released Parties about the legal issues resolved by this Settlement. In addition, you will not receive a payment from this Settlement.

### GETTING MORE INFORMATION

| 22. How do I get more information? |
|---|

This Notice summarizes the proposed Settlement. Complete details are provided in the Settlement Agreement. The Settlement Agreement and other related documents are available at the Settlement Website [**WEBSITE**].

If you have additional questions, you may contact the Settlement Administrator by email, phone, or mail:

[**EMAIL**]

[**NUMBER**]

[**ADDRESS**]

Publicly filed documents can also be obtained by visiting the office of the Clerk of the United States District Court for the Northern District of Texas or reviewing the Court's online docket.

***Please do not contact the Court, its Clerks, or Kimberly-Clark.***

# Exhibit 2

(Short-Form Notice)

# LEGAL NOTICE

*Armstrong et al., v. Kimberly-Clark Corp.*, Case No. 3:20-cv-3150
United States District Court for the Northern District of Texas

**If you purchased recalled lots of Cottonelle Flushable Wipes between February 7, 2020 and December 31, 2020 in the United States or United States territories, for personal use and not for resale, you may be eligible for a cash payment from a Class Action Settlement.**

## WHAT IS THE LAWSUIT ABOUT?

A Settlement has been reached in a class action lawsuit called *Armstrong et al. v. Kimberly-Clark Corporation*, Case No. 3:20-CV-3150, pending in the U.S. District Court for the Northern District of Texas. The lawsuit was initiated after Kimberly-Clark Corporation recalled certain lots of Cottonelle Flushable Wipes after detecting bacterium during product testing. The lawsuit seeks refunds for purchasers of those products.

## WHO IS INCLUDED?

You are included in the Settlement if you purchased recalled lots Cottonelle Flushable Wipes for personal use between February 7, 2020 and December 31, 2020 in the U.S. or U.S. territories. This Settlement does <u>not</u> include personal injury claims and does not release those claims.

## WHAT DOES THE SETTLEMENT PROVIDE?

If you purchased recalled lots of Cottonelle Flushable Wipes for personal use between February 7, 2020 and December 31, 2020 in the U.S. or U.S. territories, you could get up to a **full refund with Proof of Purchase or up to $5 total without Proof of Purchase.** Payments will be reduced *pro rata* if valid claims under this settlement exceed $13.5 million ($4 million was already paid under a separate refund process administered by Kimberly-Clark). You must submit a valid Claim Form by **[DATE].** If you previously received a refund from Kimberly-Clark, you may not be eligible for payment under this settlement.

You can find more details on how to submit a claim by visiting **[WEBSITE]** or calling **[PHONE NUMBER]**.

## WHAT ARE YOUR OPTIONS?

- **Submit a Claim Form**. To be eligible for a cash payment from this Settlement, you **must** submit a valid Claim Form no later than **[DEADLINE]**. You can submit your Claim Form online at [**WEBSITE**] or download the Claim Form from the Settlement Website and mail it to the Settlement Administrator.

- **Opt Out.** If you do not want to be included in the Settlement, you must submit a written request to the Settlement Administrator by **[DEADLINE]**. You will keep your right to sue Defendant about the claims in this case, but you will not receive money. Detailed instructions on how to exclude yourself are found on **[WEBSITE].**

- **Object/Comment**. You have the right to object to or comment on the Settlement and still get benefits. If you want to object to or tell the Court what you think about the Settlement, you must submit your objection/comment in writing by **[DEADLINE]** Detailed instructions on how to object or comment are found on **[WEBSITE].**

- **Do Nothing.** If you do nothing, you will not receive any benefits from the Settlement. You will be legally bound by decisions of the Court and you give up your right to sue Defendants relating to the claims resolved by this Settlement.

The Court will hold a Final Approval Hearing on **[DATE]**, at **[TIME]**, at the United States District Court for the Northern District of Texas, **[ADDRESS]**, which may be moved to a different location, time or date. At the hearing, the Court will hear objections, determine if the Settlement is fair, reasonable, and adequate, and consider Settlement Class Counsel's request for fees and expenses and a Service Award for the Class Representatives. You may attend the Final Approval Hearing and ask to be heard by the Court, but you do not have to attend. Attorneys' fees and expense requests will be posted on **[WEBSITE]** after they are filed with the Court.

## THIS IS ONLY A SUMMARY.

For more information about the settlement and benefits, visit **[WEBSITE]**, call **[PHONE NUMBER]**, or write to Cottonelle Flushable Wipes Settlement Program, c/o Settlement Administrator, **[ADDRESS]**.

# Exhibit 3

(Claim Form)

# CLAIM FORM

*Armstrong et al., v. Kimberly-Clark Corp.*, Case No. 3:20-cv-3150
United States District Court for the Northern District of Texas

## STEP 1: READ THESE INSTRUCTIONS

- There are two ways to submit this Claim Form to the Settlement Administrator: (1) online at [**WEBSITE**] or (2) by U.S. Mail to the following address: [**ADDRESS**].

- **DEADLINE:** If submitting a Claim Form online, you must do so by **[DEADLINE].** If you submit a claim by U.S. Mail, the completed and signed Claim Form must be postmarked by **[DEADLINE].**

- You must complete the entire Claim Form.  Please type or write your responses legibly.

- You may only submit one Claim Form per household.[1]

- Under **STEP 2** below, you <u>must</u> choose between submitting a Claim Form <u>with</u> proof of purchase (**OPTION 1**) or submitting a Claim Form <u>without</u> proof of purchase (**OPTION 2**). You may not choose both.

    - If you submit a Claim Form <u>with</u> proof of purchase (**OPTION 1**):

        - You must provide proof of purchase. You may include multiple purchases in the Claim Form, so long as you provide proof for each purchase. The proof of purchase must reflect the purchase of Cottonelle Flushable Wipes between February 7, 2020, and December 31, 2020.

        - You are eligible for reimbursement up to 100% of the amount for which you provide proof of purchase.

    - If you submit a Claim Form <u>without</u> proof of purchase (**OPTION 2**):

        - You are eligible for reimbursement of up to five dollars ($5.00) per household.

- Under **STEP 3**, you must sign an attestation that you, or a person residing in your household, actually purchased eligible Cottonelle Flushable Wipes.  <u>You must complete</u> **STEP 3** <u>regardless of which option you chose in</u> **STEP 2.**

- Submission of the Claim Form does not guarantee payment. Your Claim Form must be approved by the Settlement Administrator. If the amount payable for valid claims exceeds $13.5 million, payments for Settlement Class Members will be reduced *pro rata* so that the total of all payments for valid claims does not exceed $13.5 million.

---

[1] "Household" means all individuals who resided at one physical address at any time between February 7, 2020 and the present.

- If you have any questions, please contact the Settlement Administrator by email at [**EMAIL**], by telephone at [**PHONE**], or by U.S. mail at the above address.

## STEP 2: FILL OUT YOUR CLAIM

☐ **OPTION 1:** **I AM SUBMITTING A CLAIM <u>WITH</u> PROOF OF PURCHASE.** I paid $ _____ for recalled lots of Cottonelle Flushable Wipes for personal use and not for resale between February 7, 2020 and December 31, 2020 in the United States or United States territories. *You **must** attach proof of purchase to this Claim Form (examples include: receipt(s), record(s) of online purchase history, etc.). You may include multiple purchases, so long as you provide proof for each purchase. Your proof(s) of purchase must reflect a date of purchase between February 7, 2020 and December 31, 2020.*

| Retailer | Purchase Amount | Purchase Date |
|----------|-----------------|---------------|
|          |                 |               |
|          |                 |               |
|          |                 |               |
|          |                 |               |
|          |                 |               |

☐ **OPTION 2:** **I AM SUBMITTING A CLAIM <u>WITHOUT</u> PROOF OF PURCHASE.** I purchased recalled lots of Cottonelle Flushable Wipes for personal use and not for resale between February 7, 2020 and December 31, 2020 in the United States or United States territories.

## STEP 3: SIGN A STATEMENT ATTESTING TO YOUR PURCHASE(S)

I declare under **penalty of perjury** that all the information provided in this Claim Form is, to the best of my knowledge, information and belief accurate and correct and that I, or a person residing in my household, purchased recalled lots of **Cottonelle Flushable Wipes** for personal use and not for resale between February 7, 2020 and December 31, 2020 in the United States or United States territories. I understand that I am presumed to be a purchaser of recalled lot(s) if I: (1) received a notice from a retailer identifying me as a potential purchaser of recalled lots; (2) verified with Kimberly-Clark that I purchased recalled lot(s); or (3) learned of the recall and discarded Wipes with a good faith belief that I purchased recalled lot(s). I also declare that I have not already been reimbursed by Kimberly-Clark for the purchase of the same Cottonelle Flushable Wipes for which I am presently submitting a claim.

_____     _____
**Signature**                                                                                      **Date**

_____

**Printed Name**

_____

**Address**

_____

**City**                                            **State**                              **Zip Code**

_____      _____

**Telephone Number**                            **Email address**


| **STEP 4: SUBMIT THIS CLAIM FORM BY [DATE]** |
|:---:|

**You must submit this Claim Form by [DATE] to be eligible for payment.**

You may submit this Claim Form (1) electronically at [**WEBSITE**], or (2) by U.S. Mail to following address:

Kroll Settlement Administration, LLC
[ADDRESS]
[EMAIL]
[PHONE]


**PLEASE DO NOT CONTACT THE COURT IF YOU HAVE QUESTIONS.**