IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MELISSA ARMSTRONG et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-cv-03150-M |
| | § | |
| KIMBERLY-CLARK CORPORATION, | § | |
| | § | |
| Defendant. | § | |

### ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT

Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval and to Direct Notice of Proposed Settlement to the Class. ECF No. 117. The Parties propose a Settlement of this Action in accordance with a Settlement Agreement dated September 22, 2023 (the "Agreement"), which, together with the Exhibits to the Agreement, sets forth the terms and conditions for a proposed Settlement of this Action and for a dismissal of the Action with prejudice.[1] The Motion is **GRANTED**. The Court **ORDERS** as follows:

1. <u>Jurisdiction</u>. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), and personal jurisdiction over the Parties. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2).

2. <u>Giving Notice of the Settlement to the Class is Justified</u>. Pursuant to Federal Rule of Civil Procedure 23(e)(1)(A), the Court finds that it has sufficient information to enable it to determine whether to direct notice of the proposed Settlement to the Settlement Class. The Court

---

[1] All defined terms in this order have the same meanings ascribed to them in the Agreement.

1

thus first considers the fairness, reasonableness, and adequacy of the Settlement under Rule 23(e)(1)(B)(i) and (e)(2).

3. First, the Court finds that the Class Representatives and Proposed Class Counsel have adequately represented the Settlement Class. Proposed Class Counsel are highly experienced in complex class actions and data breach litigation, and the Class Representatives' interests align with those of the Settlement Class Members, as they all allege the same injury: economic losses stemming from their purchase of recalled lots of Cottonelle Flushable Wipes.

4. Next, the Court finds that the Settlement is the result of adversarial, arm's-length, informed, and non-collusive negotiations between the Parties. The Parties pursued adversarial litigation for several years prior to reaching the Settlement, and participated in four, full-day mediation sessions guided by the Honorable Justice Deborah Hankinson (Ret.) acting as mediator, which further supports the finding that the Settlement was negotiated at arm's-length.

5. Further, the relief provided to the Settlement Class Members under the Settlement is adequate, taking into account the substantial risks of continued litigation. The Settlement requires Kimberly-Clark to pay a non-reversionary amount of at least $6 million in new dollars, and up to $13.5 million, to pay valid claims to Settlement Class Members who purchased recalled Cottonelle Flushable Wipes. Together with the $4 million Kimberly-Clark previously paid as part of its refund program, the Settlement will ensure that at least $10 million, and up to $17.5 million, will be spent in connection with reimbursing customers who purchased recalled lots of Cottonelle Flushable Wipes.

6. In addition, the proposed method for distributing relief to the Settlement Class Members is adequate and effective. For Settlement Class Members whose contact information could be obtained via subpoena, notice will be provided directly via email or U.S. Mail. Notice

will also be provided by publication that will include display banner ads that target Cottonelle product purchasers, keyword search advertisements utilized on Google Ads, and social media advertising on platforms including Facebook, Instagram and YouTube.

7. The Settlement's provisions for awards of attorneys' fees and expenses and service payments to the Class Representatives, to be paid by Kimberly-Clark, are reasonable, subject to the Court's review of a timely filed fee application. The Settlement provides that Plaintiffs' Counsel will seek attorneys' fees and expenses in an amount not to exceed $3,650,000, and that Kimberly-Clark shall pay any award of attorneys' fees and expenses separately from the amounts allocated to pay valid claims (provided, however, that if the amount payable for approved Claims is less than the Minimum Settlement Amount, Kimberly-Clark shall receive a credit towards its other obligations: first to Notice and Administration Expenses, and second to attorneys' fees and expenses). The Settlement also provides that Class Counsel will seek service awards for the Settlement Class Representatives in the amount of $2,500.00 each. As these awards do not diminish the recovery available to the Settlement Class Members, the Settlement's provision for these awards supports a finding that the Court will likely be able to approve the Settlement. Further, the proposed Settlement treats all Settlement Class Members equitably relative to each other.

8. The Court thus finds that it will likely be able to certify the following class for settlement purposes only:

> All persons in the United States and United States territories who purchased recalled lots of Cottonelle Flushable Wipes ("Wipes") between February 7, 2020, and December 31, 2020, for personal use and not for resale, and any persons residing in the same household.[2]

---

[2] Excluded from the Settlement Class are: (1) Kimberly-Clark, its subsidiaries, parent companies, successors, predecessors, and any entity in which Kimberly-Clark or its parents have a controlling interest and their current or

9. <u>Settlement Class Representatives</u>. For purposes of the Settlement only, the Court finds and determines, pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, that plaintiffs identified in the Settlement Agreement ("Settlement Class Representative") will fairly and adequately represent the interests of the Settlement Class in enforcing their rights in the Action and appoints them as Settlement Class Representatives. The Court preliminarily finds that they are similarly situated to absent Settlement Class Members and are therefore typical of the Settlement Classes, and that they will be adequate class representatives.

10. <u>Class Counsel</u>. For purposes of the Settlement, the Court appoints J. Austin Moore of Stueve Siegel Hanson LLP; Joshua L. Hedrick of Hedrick Kring Bailey PLLC; Michael R. Reese of Reese LLP; and Jordan S. Palatiello of Lewis Johs Avallone Aviles, LLP as Interim Class Counsel pursuant to Federal Rule of Civil Procedure 23(g)(3) to act on behalf of the Settlement Class Representatives and the Settlement Class pending final approval of the Settlement.

11. <u>Settlement Administrator</u>. The Court appoints Kroll Settlement Administration, LLC as Settlement Administrator to administer the Notice Plan and the processing of claims. The Court directs that the Settlement Administrator effectuate the Settlement Agreement in coordination with counsel for the Parties, subject to the jurisdiction and oversight of this Court.

12. <u>Notice Plan</u>. The Notice Plan submitted with the Motion for Preliminary Approval and to Direct Notice of Proposed Settlement to the Class (ECF No. 117) satisfies the requirements of Federal Rule of Civil Procedure 23 and is thus approved. Non-material modifications to the notices may be made without further order of the Court.

---

former officers, directors, and employees; (2) the Court and its officers and employees; and (3) any Settlement Class Members who submit a valid Request for Exclusion on or before the Opt-Out Deadline.

The Court finds that the proposed form, content, and method of giving notice to the Settlement Class as described in the Notice Plan: (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including their rights to object to or exclude themselves from the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to Class Members; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements.  The Court further finds that the notices are written in plain language, use simple terminology, and are designed to be readily understandable by Settlement Class Members

The Settlement Administrator and the Parties are directed to carry out the Notice Plan in conformance with the Settlement Agreement and to perform all other tasks that the Settlement Agreement requires.

13.     <u>Class Action Fairness Act Notice</u>. Within (10) days after the filing of the Motion for Preliminary Approval and to Direct Notice of Proposed Settlement to the Class (ECF No. 117), the Settlement Administrator shall serve or cause to be served a notice of the proposed Settlement on appropriate officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

14.     <u>Final Approval Hearing</u>. A hearing will be held by this Court in the Courtroom of the Honorable Barbara M. G. Lynn, United States District Court for the Northern District of Texas, Courtroom 1570, 1100 Commerce Street, Dallas, Texas 75242, at 9:00 A.M. on March 6, 2024 ("Final Approval Hearing") to determine, among other things, whether: (a) this matter should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(b)(3) and

(e); (b) the Settlement should be approved as fair, reasonable and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) this case should be dismissed with prejudice pursuant to the terms of the Agreement; (d) Settlement Class Members should be bound by the releases set forth in the Agreement; (e) the application for Class Counsel's Fees and Expenses should be approved pursuant to Fed. R. Civ. P. 23(h); and (f) the application for Plaintiffs' Service Awards should be approved.

15.     <u>Exclusions and Objections</u>. To validly be excluded from the Settlement, Settlement Class Members wishing to exclude themselves or "opt-out" of the Settlement must submit a Request for Exclusion to the Settlement Administrator postmarked no later than forty (40) days after the Notice Date.  The Request for Exclusion must include the name of the proceeding, the individual's full name, current address, personal signature, and the words "Request for Exclusion" or a comparable statement that the individual does not wish to participate in the Settlement at the top of the communication.  If the opt-out is untimely or otherwise fails to comply with any of the provisions for a valid opt-out, it shall not be considered a valid opt-out.

16.     All those in the Settlement Class who do not opt-out and exclude themselves shall be bound by the terms of the Settlement, including the Release as outlined in the Settlement, upon entry of the Final Judgment.

17.     Settlement Class Members who wish to comment on or object to the Settlement may do so by submitting written objections to the Settlement Administrator postmarked no later than forty (40) days after the Notice Date as specified in the Notice.

18.     To be valid, an objection must include: (a) the name of the proceedings; (b) the Settlement Class Member's full name, current mailing address, and telephone number; (c) a statement of the specific grounds for the objection, as well as any documents supporting the

objection; (d) a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (e) the identity of any attorneys representing the objector; (f) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; and (g) the signature of the Settlement Class Member or the Settlement Class Member's attorney.

19. In accordance with the procedures outlined herein and in the class Notice, any Settlement Class Member who fails to follow these procedures shall be deemed to have waived any objection, shall not be permitted to object to the Settlement, and shall be precluded from seeking any review of the Settlement and/or the Final Judgment by appeal or other means.

20. <u>Continuance of Hearing</u>. The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further mailed notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Settlement Administrator. The Court may approve the Settlement, with such modifications as may be agreed by the Parties, if appropriate, without further notice to the Settlement Class.

21. <u>Claimants</u>. Settlement Class Members who submit within sixty (60) days of the Notice Date a valid claim form approved by the Settlement Administrator may qualify to receive Settlement benefits. Any such Settlement Class Member who does not submit a timely claim form in accordance with this Order shall not be entitled to receive such benefits but shall nevertheless be bound by any final judgment entered by the Court.

22. <u>Final Approval Briefing</u>. All opening briefs and supporting documents in support of a request for Final Approval of the Settlement and Settlement benefits must be filed and served at least twenty-one (21) days prior to the Final Approval Hearing. All briefing and supporting

documents in support of an application for Attorneys' Fees and Expenses and Service Awards must be filed twenty-one (21) days prior to the Opt-Out and Objection Deadlines.

23. <u>Schedule and Deadlines</u>. The Court orders the following schedule for the specified actions and further proceedings:

| EVENT | TIMING |
|---|---|
| Deadline for Settlement Administrator to disseminate CAFA notices | October 2, 2023 |
| Deadline for the Settlement Administrator and Amazon to send Court-approved Notice to Settlement Class ("Notice Deadline") | November 11, 2023 |
| Notice Date | The later of: (1) seven days after mailing of all Notices sent by U.S. mail; (2) one day after the date by which all email Notices have been emailed; and (3) one day after the date by which the publication Notice campaign has been initiated. |
| Claim Deadline | 60 days after Notice Date. |
| Objection Deadline | 40 days after Notice Date |
| Opt-Out Deadline | 40 days after Notice Date |
| Deadline for Plaintiffs' counsel to file Fee Application | 21 days before the Opt-Out and Objection Deadlines |
| Deadline for Class Counsel to file with the Court all objections served on the Settlement Administrator | 5 days after Objection Deadline |
| Deadline for Plaintiffs' counsel to file motion for final approval of settlement and responses to any timely submitted Class member objections | February 14, 2024 |
| Final Approval Hearing | March 6, 2024, 9:00 a.m. |

**SO ORDERED**.

September 27, 2023.

*Barbara M. G. Lynn*
BARBARA M. G. LYNN
SENIOR UNITED STATES DISTRICT JUDGE

8