**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| MELISSA ARMSTRONG, *et al*., individually and on behalf of other similarly situated persons, | |
| Plaintiffs, | |
| v. | Civil Action No. 3:20-CV-3150-M LEAD CASE |
| KIMBERLY-CLARK CORPORATION, | (Consolidated With Civil Action No. 3:21-CV-01484-M) |
| Defendant. | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the Court is Plaintiffs' Motion for Final Approval of Settlement (ECF No. 126) and Plaintiffs' Motion for Approval of Attorneys' Fees, Expenses and Service Awards (ECF No. 123).  Having considered the Motions, the supporting memoranda of law, the Settlement together with all exhibits and attachments thereto, the record, and the arguments made during the Final Approval Hearing, the Court **GRANTS** Plaintiffs' Motion for Final Approval of Settlement and **GRANTS** Plaintiffs' Motion for Approval of Attorneys' Fees, Expenses and Service Awards. The Court will enter Judgment consistent with this Order.

**I.     BACKGROUND**

On October 16, 2020, Plaintiffs Kimberly Armstrong *et al.* sued Defendant Kimberly-Clark Corporation on behalf of a putative class, seeking damages based on purchases of Wipes contaminated with *pluralibacter gergoviae*, a bacteria.  ECF No. 1.  In November 2020, a similar complaint was filed by Dawn Rothfeld in the Eastern District of New York, and in June 2021,

that case was transferred to this District.  On July 9, 2021, the *Rothfeld* action was consolidated with the earlier filed *Armstrong* case.  ECF No. 36; *see also Rothfeld v. Kimberly-Clark Corporation*, Case No. 3:21-cv-1484, ECF No. 35 (N.D. Tex. July 9, 2021).

On September 22, 2023, Plaintiffs filed the Unopposed Motion for Preliminary Approval and to Direct Notice of Proposed Settlement to the Class.  ECF No. 117; ECF No. 117-1 ("Settlement").  On September 27, 2023, the Court granted Plaintiffs leave to file the First Amended Consolidated Class Action Complaint and granted preliminary approval of the class action ("Preliminary Approval Order"), and appointed Kroll Settlement Administration LLC as Settlement Administrator.  ECF No. 120.  Now, Plaintiffs ask that the Court (1) certify the Settlement Class for purposes of entering judgment on the Settlement under Federal Rule of Civil Procedure 23(e); (2) finally approve the Settlement as fair, reasonable, and adequate; and (3) approve their requests for $3,547,157 in attorneys' fees, $102,843 in expenses, and a $2,500 service award to each of the Settlement Class Representatives.  On March 6, 2024, the Court conducted a Final Approval Hearing.

The Settlement requires Kimberly-Clark to pay a non-reversionary amount of at least $6,000,000 in new dollars, and up to $13,500,000, to pay valid claims to Settlement Class Members who purchased recalled Cottonelle Flushable Wipes.  Together with the $4,000,000 Kimberly-Clark previously paid as part of its refund program, the Settlement will ensure that at least $10,000,000, and up to $17,500,000, will be spent in connection with reimbursing customers who purchased recalled lots of Cottonelle Flushable Wipes.  Pursuant to the Settlement, each Representative Plaintiff will receive a $2,500 service award.

Class members who submit a valid claim with proof of purchase are eligible for reimbursement for up to 100% of the amount for which they have proof of purchase.  If they

2

cannot provide proof of purchase, they are eligible for reimbursement up to $5 per household. Under the Settlement, each Settlement Class Member, including Plaintiffs, are deemed to have completely and unconditionally released, forever discharged, and acquitted Kimberly-Clark and the Released Parties from all Released Claims as defined by and laid out more fully within the Settlement Agreement.[1]  The Settlement Class Members and Plaintiffs are barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, any Released Claim, as provided in the Settlement Agreement.  The Settlement does not release claims of Class Members who experienced personal injuries in connection with purchase or use of affected Cottonelle Flushable Wipes.  *See* Settlement ¶ 2.29.

In the Final Approval Motion, Plaintiffs state the Settlement Administrator and Amazon mailed and emailed 4,827,542 notices between November 9, 2023, and November 13, 2023. Opt-out notices were received from 24 Class Members, listed in Exhibit A.  No objections were received.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), and personal jurisdiction over the Parties, Settlement Class Members, and Released Parties. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2).

---

[1] The Settlement Agreement defines "Released Claims" as meaning any and all claims or causes of action of every kind and description, including any causes of action in law, claims in equity, complaints, suits or petitions, and any allegations of wrongdoing, demands for legal, equitable or administrative relief (including, but not limited to, any claims for injunction, rescission, reformation, restitution, disgorgement, constructive trust, declaratory relief, compensatory damages, consequential damages, penalties, exemplary damages, punitive damages, attorneys' fees, costs, interest or expenses) that the Releasing Parties (as defined in the Settlement Agreement) had, have or may claim now or in the future to have (including, but not limited to, assigned claims and any and all "Unknown Claims" as defined in the Settlement Agreement) that were or could have been asserted or alleged arising out of the same nucleus of operative facts as any of the claims alleged or asserted in the Action, including but not limited to the facts, transactions, occurrences, events, acts, omissions, or failures to act that were alleged, argued, raised or asserted in any pleading or court filing in the Action, including but not limited to those concerning the purchase or use of Wipes. "Released Claims" do not include personal injury claims related to the purchase or use of Wipes.  *See* Settlement Agreement ¶ 2.29.

## II.      CLASS CERTIFICATION

For the reasons stated below, the Court finds that it is proper to certify, and hereby does

certify, for settlement purposes only, a Settlement Class pursuant to Federal Rule of Civil

Procedure 23(b)(3).  The Settlement provides for a Settlement Class defined as follows:

> All persons in the United States and United States territories who purchased
> recalled lots of Cottonelle Flushable Wipes ("Wipes") between February 7, 2020
> and December 31, 2020 for personal use and not for resale, and any persons residing
> in the same household.

Settlement ¶ 3.1.

The Settlement expressly excludes from the Settlement Class:  (1) Kimberly-Clark, its

subsidiaries, parent companies, successors, predecessors, and any entity in which Kimberly-

Clark or its parents have a controlling interest and their current or former officers, directors, and

employees; (2) the Court and its officers and employees; and (3) any Settlement Class Members

who submitted a valid Request for Exclusion on or before the Opt-Out Deadline.  *Id.* ¶ 3.2.

### A.      Legal Standard

A settlement class must meet the requirements for class certification as if the case were to

be litigated.  *See Amchem v. Windsor*, 521 U.S. 591, 620 (1997).  Rule 23 "demand[s] undiluted,

even heightened, attention in the settlement context . . . [because] a court asked to certify a

settlement class will lack the opportunity, present when a case is litigated, to adjust the class,

informed by the proceedings as they unfold."  *Id.*  To certify a class, a party must first

demonstrate that the proposed class meets the four threshold requirements specified in Rule

23(a)—numerosity, commonality, typicality, and adequacy of representation.  *Funeral*

*Consumers Alliance, Inc. v. Serv. Corp. Int'l*, 695 F.3d 330, 345 (5th Cir. 2012).

### B.       Analysis

The Rule 23(a) factors are all met in this case.  There are over a million Settlement Class Members, and numerosity is not in question.  Fed. R. Civ. P. 23(a)(1) (requiring that a proposed settlement class be "so numerous that joinder of all class members is impracticable"). Commonality is likewise satisfied.  Fed. R. Civ. P. 23(a)(2) (requiring that there be "questions of law or fact common to the class"); *see also Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) ("[The class's] common contention, moreover, must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.").  Here, the Settlement Class Members' claims depend on common questions of fact regarding the contamination, distribution, and recall of the Wipes, including alleged misrepresentations and omissions relating to their suitability for intended use.  Because the Settlement Class Members and representative Plaintiffs in this case are pursuing claims based on the same legal theory, and all class members allege the same injury, typicality is satisfied.  Fed. R. Civ. P. 23(a)(3).  Finally, the Court previously found in the Preliminary Approval Order that the Representative Plaintiffs and Class Counsel have adequately represented Settlement Class Members, and finds no basis to depart from its prior finding.  *See* Fed. R. Civ. P. 23(a)(4); ECF No. 120 ¶¶ 3, 9–10.

In addition to meeting the threshold requirements under Rule 23(a), the proposed class must also meet one of three categories specified in Rule 23(b).  Plaintiffs seek to certify the class under Rule 23(b)(3), which requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action [be] superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  Here, dispositive issues of law and fact regarding Kimberly-Clark's course of conduct relating to the contamination, distribution, and recall of Wipes are common to all

class members, and these questions predominate over any individual questions.  *Jenkins v. Raymark Indus.*, 782 F.2d 468, 472 (5th Cir. 1986) ("The predominance requirement is satisfied unless it is clear that individual issues will overwhelm the common questions and render the class action valueless.").  Similarly, the efficiency gained in a class-wide settlement demonstrates that resolving the Settlement Class's claims jointly is superior to a series of individual lawsuits and promotes judicial economy.

      **C.**    **Class Counsel and Settlement Class Representatives.**

The Court further finds that Austin Moore of Stueve Siegel Hanson LLP; Joshua L. Hedrick of Spencer Fane LLP; Michael R. Reese of Reese LLP; and Jordan S. Palatiello of Lewis Johs Avallone Aviles, LLP have sufficient experience in class actions and complex litigation, and have fairly and adequately represented the interests of the Settlement Class Members.  The Court previously appointed Mr. Moore, Mr. Hedrick, Mr. Reese, and Mr. Palatiello as Interim Class Counsel (ECF No. 120 ¶ 10) and now appoints them as Class Counsel pursuant to Fed. R. Civ. P. 23(g).  The Court further concludes that the Plaintiffs identified in the Settlement Agreement have fairly and adequately represented the interests of the Settlement Class Members and appoints them as Settlement Class Representatives.

**III.**    **FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Plaintiffs move for final approval of the proposed Settlement and associated Plan of Allocation.  Rule 23(e) outlines five procedures that must be followed when reviewing "a proposed settlement, voluntary dismissal, or compromise" involving "a certified class."  Fed. R. Civ. P. 23(e).  Of these five procedures, only two—Rule 23(e)(1) and (2)—are relevant here[2]:

---

[2] Rule 23(e)(3) requires that the parties seeking approval must file a statement identifying any agreement made in connection with the proposed settlement; in the Final Approval Motion, Class Counsel states that "no other agreements exist" outside of the Settlement Agreement and those in the Motion. Doc. 126 at 9 n.8.  Rule 23(e)(4) applies only to

the adequacy of notice to the class, and consideration of whether the proposed settlement is fair, reasonable, and adequate as analyzed under the factors set forth by the Fifth Circuit in *Reed v. General Motors Corp.*, 703 F.3d 170 (5th Cir. 1983). For the reasons discussed below, the Court concludes that the Settlement should be approved, and **GRANTS** the Motion.

## A.   Rule 23(e)(1): Notice Was Directed in a Reasonable Manner to All Class Members

Notice of the Settlement was reasonable and provided ample due process under Rule 23(e)(1).[3]  Notice was disseminated through the procedures previously approved by the Court in the Preliminary Approval Order.  ECF No. 120.  The Notice described, in plain and easily understood terms, (1) the nature of the claims, issues, and defenses to be decided, as well as the effect of a potential class settlement, (2) the scope of the settlement class, (3) the date and time of the fairness hearing, and (4) the rights of the class members to object or opt out of the settlement.  The Notice also provided a telephone number and a website through which class members could obtain more detailed explanations.  Settlement Class Members had 40 days from the Notice Date to request exclusion from the class, and the fairness hearing was scheduled over 90 days after the Notice Date, which constitutes sufficient due process.  *See, e.g.*, *DeJulius v. New Eng. Health Care Emps. Pension Fund*, 429 F.3d 935, 946 (10th Cir. 2005).

---

a class action that was previously certified, and thus is inapplicable here, where the case settled prior to certification. Rule 23(e)(5) describes procedures for addressing objections by class members; here, no objections have been made.
[3] "There are no rigid rules to determine whether a settlement notice satisfies constitutional or Rule 23(e) requirements[.]"  *Wal–Mart Stores*, 396 F.3d at 114.  Instead, "a settlement notice need only satisfy the broad reasonableness standards imposed by due process."  *In re Katrina Canal Breaches Litig.*, 628 F.3d 185, 197 (5th Cir. 2010) (internal quotation marks omitted).  Due process is satisfied if the notice provides class members with the "information reasonably necessary for them to make a decision whether to object to the settlement."  *Id.*; *see also Wal–Mart Stores*, 396 F.3d at 114 (explaining that "the settlement notice must fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings").  However, due process does not require actual notice to each party intended to be bound by the adjudication of a representative action.  *Mullane v. Cent. Hanover Bank & Trust. Co.*, 339 U.S. 306, 313–14 (1950) ("A construction of the Due Process Clause which would place impossible or impracticable obstacles in the way could not be justified."); *In re Integra Realty Res., Inc.*, 262 F.3d 1089, 1110–11 (10th Cir. 2001) (holding Rule 23 and due process requisites satisfied where the record indicated that only seventy-seven percent of class members actually received notice of the settlement).

In total, 3,746,879 unique Settlement Class Members received direct Notice via email or U.S. Mail.  ECF No. 126-2 at 1–10, ¶ 17.  By the January 16, 2024, claim deadline, there were a total of 3,127,704 claims received by the Settlement Administrator; 69,797 claims with proof of purchase and 3,057,936 claims submitted without proof of purchase. *Id.* ¶ 25.  The total population of purchasers was previously estimated to be over 5.9 million. *Id.* ¶ 4 n.3.  No objections were received, and no Class Member objected to the form or content of the Notice.

Based on the facts presented in support of the Motion for Final Approval, the Court finds that notice to the Settlement Class was directed in a reasonable manner, and provided adequate notice that was thorough, comprehensive, and effective.

### B.    The Proposed Settlement Is Fair, Reasonable, and Adequate

In determining whether the Settlement is fair, reasonable, and adequate, the Court considers the factors set forth in Rule 23(e)(2).  As discussed below, Rule 23(e)(2) and the factors described by the Fifth Circuit in *Reed v. General Motors Corp.*, 703 F.2d 170 (5th Cir. 1983), support a conclusion that the Settlement is fair, reasonable, and adequate.

Rule 23(e) requires consideration of (A) whether the class representatives and class counsel have adequately represented the class; (B) if the proposal was negotiated at arm's length; (C) the adequacy of relief provided for the class, considering costs, risks, delay of trial and appeal, effectiveness of distributing relief, terms of attorney's fees, and any required agreements under Rule 23(e)(3); and (D) whether the proposal treats class members equitably relative to each other.  Fed. R. Civ. P. 23(e)(2).

The Court finds that the Settlement Class Representatives and Class Counsel have provided adequate representation to the Settlement Class by pursuing this case in the face of numerous and substantial risks, negotiating a Settlement that provides Settlement Class Members with relief, and working on behalf of Settlement Class Members in the Notice and approval

process.  In addition, the Settlement results from adversarial, arm's-length, informed, and non-collusive negotiations between the Parties.  Specifically, the Parties pursued adversarial litigation for several years prior to reaching the Settlement, and participated in four, full-day mediation sessions guided by the Honorable Justice Deborah Hankinson (Ret.) acting as mediator.  *See In re Heartland Payment Sys., Inc.*, 851 F. Supp. 2d 1040, 1063 (S.D. Tex. 2012) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery."  (internal quotation marks omitted)).

Moreover, the Settlement treats Settlement Class Members equitably relative to each other.  All Settlement Class Members who submit valid Claims are eligible to recover under the Settlement; those who submit proof of purchase may recover up to 100% of money spent on Wipes, whereas those without proof of purchase may recover up to five dollars.

The Court evaluates the last remaining Rule 23(e)(2) factor—the adequacy of the relief provided for the Class—under the factors set forth in *Reed*.

### 1. The *Reed* Factors

Courts evaluate the *Reed* factors to determine whether a proposed class action settlement is fair, reasonable, and adequate.  The *Reed* factors are: (1) evidence that the settlement was obtained by fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the litigation and available discovery; (4) the probability of plaintiffs prevailing on the merits; (5) the range of possible recovery and certainty of damages; and (6) the opinions of class counsel, class representatives, and absent class members.  *Newby v. Enron Corp.*, 394 F.3d 296, 301 (5th Cir. 2004).

Nothing in the record indicates that the Settlement was the result of secret negotiations or improper collusion.  Instead, the fact that the Settlement was obtained through formal mediation

before a neutral mediator strongly suggests that it was not the result of improper dealings.  *See, e.g.*, *In re Bluetooth Headset Products Liability Litig*., 654 F.3d 935, 948 (9th Cir. 2011).  In addition, this case is complex and of significant duration, having lasted multiple years and involving millions of potential Class Members, and substantial discovery was performed in connection with settlement; the Parties were thus aware of the strengths and weaknesses of their respective positions.  Continued litigation would take a significant amount of time and expense associated with written discovery, depositions, the hiring and preparation of experts, motion practice, trial, and possible appeal.  *See Klein v. O'Neal, Inc.*, 705 F. Supp. 2d 632, 652 (N.D. Tex. 2010).  Absent settlement, the amount of time it would take to recover on behalf of Class Members would measure in years, rather than months.

"The probability of the plaintiffs' success on the merits is the most important *Reed* factor, 'absent fraud and collusion.'"  *ODonnell v. Harris Cty., Tex.*, 2019 WL 4224040, at *11 (S.D. Tex. Sept. 5, 2019).  "This factor relates to the 'risks . . . of trial and appeal, and "favors approving a settlement even when the likelihood of success on the merits is not certain."  *Id.*  Here, the Court acknowledges that should the case proceed, there would be significant obstacles to class-wide judgment in favor of the Class on liability and damages; the Settlement avoids these risks and provides immediate and substantial benefits to Class Members, and thus this factor weighs in favor of final approval.

"In ascertaining whether a settlement falls 'within the range of possible approval,' courts will compare the settlement amount to the relief the class could expect to recover at trial, *i.e.*, the strength of the plaintiff's case."  *Erica P. John Fund, Inc. v. Halliburton Co*., No. 3:02-CV-1152-M, 2018 WL 1942227, at *5 (N.D. Tex. Apr. 25, 2018).  The Settlement provides for up to $13,500,000 in new dollars dedicated to approved Claims, and Class Members with proof of

purchase stand to recover up to 100% of their financial injury.  The Court thus concludes that the recovery under the Settlement is reasonable in light of Plaintiffs' potential damages to be recovered at trial.

More than 3,100,000 claims have been submitted, only 24 Settlement Class Members have timely requested exclusion, and no Settlement Class Members have filed or served any objections to the Settlement.  The lack of objections is indicative of the adequacy of the Settlement.  Further, Class Counsel and Representative Plaintiffs all agree to the Settlement, weighing in favor of approval.  *See Stott v. Capital Fin. Servs., Inc.*, 277 F.R.D. 316, 346 (N.D. Tex. 2011) ("As class counsel tends to be the most familiar with the intricacies of a class action lawsuit and settlement, 'the trial court is entitled to rely upon the judgment of experienced counsel for the parties.'").

## IV.   Class Counsel's Motion for Attorneys' Fees, Costs, and Expenses and Settlement Class Representative Service Awards

In the Unopposed Motion for Approval of Attorneys' Fees, Expenses and Service Awards, Class Counsel applies for attorneys' fees in the total combined amount of $3,547,157, reimbursement for $102,843 in expenses, and authorization for a $2,500 Service Award for each Settlement Class Representative.  ECF No. 123.

Notice of the requested attorneys' fees, expenses and service awards was provided to Settlement Class Members in the Long Form Notice and in the Frequently Asked Questions section of the Settlement Website.  No Settlement Class Member has objected to Class Counsel's Motion.  For the reasons stated below, the Court **GRANTS** the motion for attorneys' fees, expenses, and service awards for Settlement Class Representatives.

11

A.      **Attorneys' Fees**

The fees, expenses, and service awards were negotiated at arm's length by counsel for Plaintiffs and Kimberly-Clark and will be paid by Kimberly-Clark separate from any relief to the Settlement Class Members.

Class Counsel's request for fees and expenses is reasonable under the percentage-of-the-fund method typically used by district courts in this Circuit in awarding attorneys' fees in constructive common fund cases. Class Counsel estimates that Kimberly-Clark will be required to pay the maximum of $13,500,000 in new dollars to satisfy approved Claims. Accordingly, the Court values the constructive fund as $22,566,405, which is the total of: $17,500,000 allocated to pay customers who purchased recalled Wipes (which includes $4,000,000 in activated refund cards); (2) attorneys' fees and expenses ($3,650,000); (3) Notice and Administrative Expenses (estimated at $1,361,405); and (3) Service Awards ($55,000). *See* ECF No. 123 at 19. Under this valuation, the fee request is 16.2% of the fund.

The Court finds that 16.2% is a reasonable percentage benchmark, and is significantly less than the percentage of fees regularly awarded in this Circuit in comparable cases, which typically range between 30% and 33%. Further, the Court has considered the factors set forth by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.3d 714 (5th Cir. 1974) and finds that:

(a) Class Counsel reasonably expended more than 5,000 hours on the litigation and resolution of this case, given the complexity and evolving nature of the issues and the substantive discovery efforts, mediations, and motion practice.

(b) The novelty and difficulty of the litigation justify the requested attorneys' fees and expenses, as there remain substantial risks of continued litigation, including obstacles to a class-wide judgment in favor of the class on liability and damages.

(c) The fees and expenses requested by Class Counsel are also reasonable in light of the quality of their representation of the class, as indicated by their experience and expertise in consumer cases, as well as by the favorable results achieved for the Settlement Class.

(d) Class Counsel faced several risks in prosecuting this action, including the inherent risk involved in prosecuting a class action litigation on a contingent basis.

(e) The fees and expenses requested are well below the 30%–33% fee award customarily awarded in the Fifth Circuit.

(f) The requested fees and expenses are reasonable in light of the result achieved for the Settlement Class Members, which offers to make Class Members whole for up to 100% of their economic damages.

An analysis of Class Counsel's lodestar confirms the reasonableness of the requested sum in this action. The agreed-upon fees and expenses in this action are significantly less than Class Counsel's lodestar for their work, even before accounting for the additional hours they have expended since the time of their Motion, and their expenses, which they advanced on a contingent basis. For these reasons, the Court approves a reasonable fee award of $3,547,157.

## B.     Litigation Costs and Expenses

Class Counsel also requests reimbursement of $102,843.00 in litigation expenses incurred in prosecuting this case. There is no objection to Class Counsel's request for reimbursement of litigation costs and expenses. The Court finds that Class Counsel's expenses incurred were reasonably expended in furtherance of the litigation and therefore approves their request for reimbursement of costs and expenses.

## C.     Service Awards

Class Counsel also request that each Settlement Class Representative be awarded a service award of $2,500. There is no objection to Class Counsel's request for service awards. The Court finds that the Settlement Class Representatives performed important work on the case that materially advanced the litigation, protected the Class's interests, and ultimately made this Settlement possible. Accordingly, the Court approves the requested service awards of $2,500 for each Settlement Class Representative.

## V.     CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion for Final Approval of

Settlement and **GRANTS** Plaintiffs' Motion for Approval of Attorneys' Fees, Expenses and

Service Awards.  In accordance with the Court's decision, **IT IS HEREBY ORDERED:**

1.     This matter is certified as a class action for settlement purposes pursuant to Fed.

R. Civ. P. 23(b)(3) and (e).

2.     The Settlement is approved as fair, reasonable, and adequate, and finally approved

pursuant to Fed. R. Civ. P. 23(e).  The Parties shall carry out the Settlement as provided in the

Settlement Agreement.

3.     The First Amended Consolidated Class Action Complaint is dismissed with

prejudice pursuant to the terms of the Settlement Agreement.

4.     Settlement Class Members, except those who timely and validly excluded

themselves, are bound by the releases set forth in the Settlement Agreement.  The putative class

members who timely and validly excluded themselves from the Settlement Class are listed in

Exhibit A.[4]

5.     The Settlement Class Representatives and Settlement Class Members are hereby

permanently barred and enjoined (including during the pendency of any appeal taken from this

Order) from commencing, pursuing, maintaining, enforcing, or prosecuting, either directly or

indirectly, any Released Claims in any judicial, administrative, arbitral, or other forum.  This

permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement,

---

[4] Because the Settlement is being reached as a compromise to resolve this litigation, including before a final
determination of the merits of any issue in this case, no individual listed on Exhibit A may invoke the doctrines of *res
judicata*, collateral estoppel, or any state law equivalents to those doctrines in connection with any further litigation
against Kimberly-Clark in connection with the Released Claims.

this Order, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

6.      Unless otherwise agreed by the Parties and retailers, the Settlement Administrator shall use commercially reasonable efforts to destroy all customer information that it received from third-party retailers in connection with this Action within one year following the completion of Settlement administration.

7.      The Court retains jurisdiction over this action and the Parties, attorneys and Settlement Class Members for all matters relating to the Settlement, including (without limitation) the administration, interpretation, scope, effectuation or enforcement of the Settlement Agreement and this Order.  Nothing in this Order shall preclude any action to enforce the terms of the Settlement Agreement.

The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and will separately enter a final judgment.

        **SO ORDERED**.

March 14, 2024.

BARBARA M. G. LYNN
SENIOR UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

| Exclusion List | | |
|---|---|---|
| | | |
| **Count** | **First Initial** | **Last Name** |
| 1 | K | BAILEY |
| 2 | M | CHRISTOPOULOS |
| 3 | K | CLINSCALES |
| 4 | J | COLEMAN |
| 5 | K | COUNTISS |
| 6 | B | DENISE |
| 7 | P | DIGIOVANNI |
| 8 | A | FESTA |
| 9 | S | HARDY |
| 10 | D | JUDA |
| 11 | J | KERR |
| 12 | G | KIRTON |
| 13 | C | LLEWELLYN |
| 14 | H | MACNIAK |
| 15 | A | ONCKEN |
| 16 | J | PETERSON |
| 17 | P | SCHROEDER |
| 18 | R | SCHWARTZ |
| 19 | M | SHANIKA |
| 20 | C | SIMPSON |
| 21 | G | TAKANO |
| 22 | W | TERRANCE |
| 23 | N | TORANO |
| 24 | M | WILIA |