IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MELISSA ARMSTRONG *et al.*, <br><br> Plaintiffs, <br><br> -v- <br><br> KIMBERLY-CLARK CORPORATION, <br><br> Defendant. | Civil Action No. 3:20-CV-3150-K <br> LEAD CASE <br><br> (Consolidated with Civil Action No. 3:21-CV-01484-M) <br><br> JUDGE ED KINKEADE <br><br> MAGISTRATE JUDGE REBECCA RUTHERFORD |

**PROPOSED INTERVENOR NATIONAL FIRE & MARINE INSURANCE COMPANY'S BRIEF IN SUPPORT OF ITS EMERGENCY MOTION FOR EXPEDITED <u>CONSIDERATION OF ITS MOTION TO INTERVENE</u>**

<u>Use of Generative Artificial Intelligence</u>

Pursuant to Local Rule 7.2(f), generative artificial intelligence was used to improve syntax and enhance the clarity and readability of text that was originally drafted by counsel. No legal research or citation generation was performed by generative artificial intelligence, and all substantive content and citations were prepared by counsel.

Proposed Intervenor National Fire & Marine Insurance Company ("National Fire") respectfully requests that the Court expedite consideration of its pending Motion to Intervene (ECF 131) to ensure that Kroll Settlement Administration, LLC's ("Kroll") imminent claim determinations do not preclude the Court from addressing Kroll's failure to comply with its obligations under the Settlement Agreement.  Alternatively, if Kroll finalizes its claim determinations before the Court rules on the Motion to Intervene, National Fire requests that the Court relieve Defendant Kimberly-Clark Corporation ("Kimberly-Clark") of any obligation to make further payments to the Settlement Fund until at least 30 days after the Court has resolved the issues raised in the Motion to Intervene and proposed complaint.

Although Kroll was appointed Settlement Administrator in September 2023,[1] it had not finalized its claim determinations as of National Fire's filing of the Motion to Intervene on May 22, 2025.  However, in a declaration attached to Plaintiffs' opposition, Kroll stated for the first time that it intends to finalize its determinations within 14 days—by June 26, 2025, the due date for National Fire's reply brief:

> Kroll's review and validation of claims submitted in this administration is nearing completion.  Pursuant to Paragraph 6.4 of the Settlement Agreement, Kroll intends to issue a final funding invoice to Kimberly-Clark within the next 14 days to cover payment of all approved claims.[2]

Kroll's decision to proceed at this juncture—while the Court is still considering Bryan Heller's declaration, which identifies significant flaws in Kroll's methodology and concludes that Kroll is likely to erroneously validate approximately half a million fraudulent claims—is deeply concerning.  More importantly, Kroll's actions risk depriving the Court of the opportunity to address and remedy the serious issues identified by Mr. Heller.

---

[1] *See* Fenwick Decl. at ¶ 3, ECF 149.1 at Appx. 2.
[2] *See id.* at ¶ 36, ECF 149.1 at Appx. 8.

Kroll's final claim determination will trigger a process likely to result in the overpayment of funds into a non-reversionary Settlement Fund and the subsequent distribution of settlement proceeds to claimants, many of whom are expected to be fraudulent. Under Section 6.4 of the Settlement Agreement, Kimberly-Clark is required to deposit the full amount of funds into the Settlement Fund within 30 days after Kroll notifies the Parties of the total Amount Payable for Approved Claims.[3] Once these funds are deposited, Kroll is authorized to disburse payments to the claimants it has approved.[4] If, as Mr. Heller predicts, Kroll distributes millions of dollars to fictitious or otherwise fraudulent claimants, there will be no practical mechanism to recover those funds. This risk is exacerbated by the non-reversionary structure of the Settlement Fund, which prohibits any return of disbursed funds to Kimberly-Clark, even if fraud is subsequently discovered.[5]

The Court can prevent this substantial and immediate harm by expediting its consideration of the Motion to Intervene and issuing a ruling sufficiently in advance of Kimberly-Clark's funding deadline, which occurs within 30 days after Kimberly-Clark receives the total Amount Payable for Approved Claims from Kroll. Alternatively, the Court can expressly relieve Kimberly-Clark of any obligation to make further payments to the Settlement Fund until at least 30 days after the Court has resolved the issues raised in the Motion to Intervene and proposed complaint. The Court possesses clear authority to grant such relief, as it expressly retained jurisdiction over all matters relating to the Settlement Agreement and Kroll's administration of claims, both in the Settlement Agreement itself and in its final order.[6]

---

[3] *See* Settlement Agreement, ECF No. 117.1 at Section 6.4.
[4] *See id.*, ECF No. 117.1 at Section 6.1.
[5] *See id.*, ECF No. 117.1 at Section 6.5.
[6] *See id.*, ECF No. 117.1 at Section 9.4; Mem. Op. and Ord., ECF No. 129 at 15.

Moreover, precedent supports the exercise of this authority. For example, in *In re: East Palestine Trail Derailment*, the court exercised its equitable powers to intervene when a settlement administrator failed to administer the settlement reasonably and in good faith.[7] In that case, the district court went so far as to terminate Kroll's appointment—an action far more drastic than any brief delay in funding. Given these circumstances, prompt judicial intervention is both warranted and within the Court's discretion to ensure the integrity of the settlement process and to protect against the irreversible disbursement of funds to potentially fraudulent claimants.

Although National Fire recognizes that, under Local Rule 7.1(g), oral argument on motions is typically not entertained, National Fire is prepared to participate in oral argument or a hearing if the Court determines that it would assist in the expedited resolution of this Motion or the underlying Motion to Intervene.

For the foregoing reasons, National Fire respectfully requests that the Court grant the Motion for Expedited Consideration of its Motion to Intervene or, in the alternative, relieve Kimberly-Clark of any obligation to make further payments to the Settlement Fund until at least 30 days after the Court has resolved the issues raised in the Motion to Intervene and proposed complaint, set an expedited briefing schedule to facilitate resolution of this Motion, and grant any further relief the Court deems just and reasonable.

---

[7] Ord., No. 4:23-cv-00242 (N.D. Ohio June 11, 2025), ECF 154, Ex. 16 at ¶ 6, Appx. at 326.

Dated: June 24, 2025

Respectfully submitted,

*/s/ Daniel D. McGuire*
Daniel D. McGuire
State Bar No. 24081282
PIERSON FERDINAND LLP
450 S. Denton Tap Rd. Suite 2211
Coppell, TX 75019
Telephone: (214) 295-7676
dan.mcguire@pierferd.com

and

Andrew D. Shapiro (*pro hac vice*)
PIERSON FERDINAND LLP
111 West Jackson, Suite 1700
Chicago, Illinois 60604
Telephone: (312) 248-0165
andrew.shapiro@pierferd.com

and

Marc A. Lindemann (*pro hac vice*)
PIERSON FERDINAND LLP
1270 Avenue of the Americas, 7th Floor
New York, New York 10020
Telephone: (646) 347-7952
marc.lindemann@pierferd.com

*Attorneys for Proposed Intervenor National Fire & Marine Insurance Company*

4

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2025, I electronically filed the foregoing document with the Clerk of the Court via the CM/ECF system, which will cause a copy to be served upon all counsel of record.

/s/ *Daniel D. McGuire*
Daniel D. McGuire
*Counsel for Proposed Intervenor*