IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MELISSA ARMSTRONG, *et al*., individually and on behalf of other similarly situated persons,<br><br>    Plaintiffs,<br><br>v.<br><br>KIMBERLY-CLARK CORPORATION,<br><br>    Defendant. | Civil Action No. 3:20-CV-3150-M<br>LEAD CASE<br><br>(Consolidated With Civil Action No. 3:21-cv-01484-M) |

**PLAINTIFFS' RESPONSE TO NATIONAL FIRE'S
EMERGENCY MOTION FOR EXPEDITED CONSIDERATION**

Pursuant to the Court's June 27, 2025 Order (Doc. 158), Plaintiffs respectfully submit this response to Proposed Intervenor National Fire & Marine Insurance Company's Emergency Motion (Doc. 155). Plaintiffs take no position on whether National Fire's underlying Motion to Intervene should be considered on an expedited basis.

However, Plaintiffs oppose National Fire's proposed alternative relief seeking that the Court relieve Kimberly-Clark of its funding obligations under the Settlement Agreement pending resolution of the motion to intervene. For one, the request is premature as Kroll has not yet issued a final funding invoice that would trigger Kimberly-Clark's payment obligation. In any event, the request would violate the plain terms of the Court-approved Settlement Agreement, which imposes an affirmative deadline on Kimberly-Clark to fund the Settlement after receiving notice from Kroll of the total amount payable for approved claims. *See* Doc 117-1, Settlement Agreement, § 6.4 ("No later than thirty (30) days from the date that the Settlement Administrator provides such notice, Kimberly-Clark shall deposit, at a minimum, funds into the Settlement Fund sufficient to satisfy its obligation to pay the Minimum Settlement Amount for Approved Claims").

The extraordinary relief of overriding a Court-approved settlement deadline to accommodate a non-party proposed intervenor is especially unwarranted here, where it would delay distribution of approved payments to more than 700,000 class members and National Fire is unlikely to prevail on its motion to intervene. As detailed in Plaintiffs' opposition (Docs. 148, 151), National Fire lacks Article III standing, fails to satisfy the requirements of Rule 24, and seeks relief that is not redressable under the terms of the Settlement Agreement. Its asserted interest arises solely from a private insurance contract with Kimberly-Clark, which includes a bargained-for venue clause requiring any dispute to be litigated in New York. That contractual forum remains fully available for National Fire to adjudicate a direct coverage action against Kimberly-Clark.

Accordingly, the Court should deny the alternative relief requested in the Emergency Motion.

Dated: June 27, 2025                              Respectfully submitted,

*/s/ Joshua L. Hedrick*
Joshua L. Hedrick (Texas Bar No. 24061123)
2200 Ross Avenue, Suite 4800 West
**SPENCER FANE LLP**
Dallas, Texas 75201
Telephone: (469) 391-7708
Email: *jhedrick@spencerfane.com*

*/s/ J. Austin Moore*
J. Austin Moore (*pro hac vice*)
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: (816) 714-7146
Email: *moore@steuvesiegel.com*

Jordan S. Palatiello (*pro hac vice*)
**LEWIS JOHS AVALLONE AVILES, LLP**
One CA Plaza, Suite 225
Islandia, New York 11749
Telephone: (631) 755-0101
Email: *jspalatiello@lewisjohs.com*

Michael R. Reese (*pro hac vice*)
**REESE LLP**
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Email: *mreese@reesellp.com*

*Court Appointed Class Counsel*

## CERTIFICATE OF SERVICE

On June 27, 2025, I caused to be electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Joshua L. Hedrick*
Joshua L. Hedrick