IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MELISSA ARMSTRONG, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. 3:20-cv-03150-K |
| KIMBERLY-CLARK CORPORATION, | § § § § | |
| Defendant. | § | |

## **ORDER**

Before the Court is Proposed Intervenor National Fire & Marine Insurance Company's and Plaintiffs' Motions for Leave to File Under Seal (ECF Nos. 134 and 150). The Court DENIES these Motions without prejudice.

In the Fifth Circuit, "courts should be ungenerous with their discretion to seal judicial records."[1] And to decide whether something should be sealed, "judges . . . must undertake a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure" and that "[s]ealings must be explained at a level of detail that will allow for this Court's review."[2]

Further,

> "[w]hile 'judges, not litigants' are tasked with determining whether to seal a document and that task ultimately requires them to undertake the case-by-case, document-by-document, and line-by-line balancing of the public's right of access against presented interests favoring

---

[1] *Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417, 419 (5th Cir. 2021).
[2] *Id.* (cleaned up).

1

nondisclosure, it is certainly within a court's discretion to summarily deny a request to seal when it is apparent that the submitter has not conducted its own document-by-document, line-by-line review."[3]

"Litigants and others seeking secrecy have the burden to overcome the strong presumption favoring public access" and "'must explain with particularity the necessity for sealing.'"[4]

The pending Motions do not reflect that Proposed Intervenor or Plaintiffs conducted the required "document-by-document, line-by-line review" of the materials requested to be sealed. Accordingly, the Court DENIES the Motions without prejudice. Movants may resubmit their Motions, but any brief must include a line-by-line analysis explaining why the risks of disclosure outweigh the public's right to know and why no other viable alternative to sealing exists. Further, the certificate of conference must demonstrate that the Movant meaningfully conferred with all interested parties and non-parties.

**SO ORDERED**.

June 30, 2025.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

---

[3] *Trans Tool, LLC v. All State Gear Inc.*, 2022 WL 608945, at *6 (W.D. Tex. Mar. 1, 2022) (citing *Le*, 990 F.3d at 419) (cleaned up).
[4] *Id.* (quoting *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 211 (5th Cir. 2019)).