IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MELISSA ARMSTRONG *et al.*, <br><br> Plaintiffs <br><br> v. <br><br> KIMBERLY-CLARK CORPORATION, <br><br> Defendant. | Civil Action No. 3:20-CV-3150-K <br> LEAD CASE <br><br><br> (Consolidated with Civil Action No. 3:20-CV-3150-M) <br><br> JUDGE REBECCA RUTHERFORD |

**KIMBERLY-CLARK'S NOTICE REGARDING TIMING OF SETTLEMENT PAYMENT AND REQUEST TO ADDRESS RELATED ISSUES AT THE AUGUST 15, 2025 HEARING**

-1-

# KIMBERLY-CLARK'S NOTICE REGARDING TIMING OF SETTLEMENT PAYMENT AND REQUEST TO ADDRESS RELATED ISSUES AT THE AUGUST 15, 2025 HEARING

Defendant Kimberly-Clark writes to advise the Court regarding an issue about the timing of the payment required under the Settlement Agreement that is related to the pending Motion to Intervene (ECF 155), which is set for hearing on August 15, 2025 (ECF 163).

On Thursday, July 24, 2025, Plaintiffs' counsel advised counsel for Kimberly-Clark that Plaintiffs believed that Kimberly-Clark was obligated to make a payment to fully fund the settlement by August 2, 2025. Plaintiffs' assertion was based on an invoice that Kroll, the Settlement Administrator, sent to them via email on July 3, 2025.

The Settlement Agreement first requires a determination of the validity of all submitted claims. (ECF 117-1, ¶ 6.4.) After that determination is made, the Settlement Administrator is to provide notice of the total amount payable for approved claims, and payment into the Settlement Fund is to be made within 30 days of the parties being provided this notice. (ECF 117-1, ¶ 6.4.) The Settlement Agreement also specifies how notice must be given: via overnight mail and email. (ECF 117-1, ¶ 4.10.)

While Kimberly-Clark's counsel received a funding invoice email on July 3, 2025 from Kroll, this failed to comply with the Settlement Agreement's notice provision requiring simultaneous service by both email and overnight mail. (ECF 117-1, ¶ 4.10.) On July 28, 2025, Kroll confirmed in a call with counsel for Kimberly-Clark that Kroll did not give any notice to Kimberly-Clark via overnight mail. At present, the notice defect has not been corrected, such that Kimberly-Clark's 30-day payment period has yet to be triggered.

There also is a significant subsequent development that would make payment premature

even if the notice defect were corrected.  The notice is to be sent upon a final determination of the number (and value) of valid claims.  (ECF 117-1, ¶ 6.4.)  National Fire has contested the validity of several claims, and alleged in a motion to intervene that a substantial number of the claims are fraudulent.  That motion is set to be heard shortly, on August 15, 2025.  The outcome of that motion, and any subsequent proceedings before this Court related to the motion, may affect the determination of which claims are valid, and thus the total amount to be paid to fund the settlement.  Given that the Settlement Agreement does not anticipate how to handle timing of the settlement payment in the circumstances presented here (*i.e.*, in light of National Fire's motion to intervene and its corresponding assertion that several of the claims are fraudulent), Kimberly-Clark respectfully requests that the Court provide the parties and National Fire guidance on the timeline for funding and distributing the settlement fund in connection with the issues discussed at the August 15, 2025 hearing.

Dated: July 29, 2025

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Andrew LeGrand*
    Andrew LeGrand
    Texas Bar No. 24070132

Timothy W. Loose (*pro hac vice)*
Heather L. Richardson (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue
Dallas, TX  75201-2923
Telephone:     +1 214.698.3100

Attorneys for Defendant
KIMBERLY-CLARK CORPORATION