IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MELISSA ARMSTRONG, *et al.*, individually and on behalf of other similarly situated persons,<br><br>    Plaintiffs,<br><br>v.<br><br>KIMBERLY-CLARK CORPORATION,<br><br>    Defendant. | Case No. 3:20-cv-03150-K |

ORDER REGARDING LIMITED DISCLOSURE OF SETTLEMENT
CLAIMANT INFORMATION AND SETTLEMENT FUNDING DEADLINE

Before the Court is the Parties' joint Stipulation Regarding Limited Disclosure of Settlement Claimant Information and Settlement Funding Deadline (the "Joint Stipulation") (Doc. No. 166). Having carefully considered the Joint Stipulation and finding good cause for its entry, the Court hereby **ORDERS** as follows:

1.    All claimant information disclosed pursuant to this Order shall be designated as "Confidential" under the Stipulated Protective Order entered in this action (Doc. No. 95). National Fire & Marine Insurance Company (the "Insurer"), by accepting such information, shall be bound by the terms of both the Protective Order and this Order.

2. The Insurer shall use the claimant information solely for the purpose of administering its obligations under its insurance policy with Defendant Kimberly-Clark Corporation ("Kimberly-Clark"). The Insurer shall not use such information for any other purpose, including but not limited to: (a) challenging or disputing the validity of claims approved by the Settlement Administrator; (b) delaying the administration or payment of valid and payable claims pursuant to the Settlement Agreement; or (c) offering or using such information as evidence in any legal, regulatory, or administrative proceeding.

3. The claimant information shall remain strictly confidential. The Insurer shall not disclose such information to any third party, individual, entity, tribunal, or administrative agency. The Insurer may share the information only with its employees or agents retained solely for the permitted purpose, and only after such persons have executed Exhibit A to the Protective Order and received a copy of this Order. Neither the Insurer nor its agents shall contact any Settlement Class Member whose name is disclosed pursuant to this Order.

4. Within thirty (30) days after completion of its insurance claims administration process relating to the Settlement, the Insurer shall destroy all claimant information received under this Order and provide Kimberly-Clark with written certification of such destruction.

5. Any breach of this Order, including the confidentiality or use restrictions, shall entitle the Parties to seek injunctive relief, specific performance, and any other

legal or equitable remedy available, including recovery of attorneys' fees and costs incurred in enforcement.

6. Pursuant to the Court's Final Approval Order (Doc. No. 129), the Court shall retain exclusive jurisdiction to enforce the terms of this Order and resolve any disputes arising hereunder.

7. Kimberly-Clark shall fund the Settlement as follows: (a) if the Insurer's pending motion to intervene is denied, Kimberly-Clark shall fund the Settlement no later than September 19, 2025, or fourteen (14) days after the order denying the Insurer's motion to intervene becomes final in the district court, whichever occurs later; or (b) if the Insurer's pending motion to intervene is granted, Kimberly-Clark shall fund the Settlement no later than fourteen (14) days after the final resolution of the Insurer's challenges to the underlying class member claims, consistent with its obligations under § 6.1 of the Settlement Agreement. Prompt delivery to the Insurer of the claimant information described above is a condition precedent to triggering the funding timelines set forth herein.

**SO ORDERED.**

Signed August 18, 2025.

                                              _Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE